UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC. D/B/A
TIPSEE SPIRITS & WINE AND
MARK CARRIE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Dominique Martin, sues Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, as follows:

### Parties, Jurisdiction, and Venue

1.     **Plaintiff, Dominique Martin**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     **Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit liquor store business in Broward County, Florida, at all times material, where it maintains its principal place of business.

3.     **Defendant, Mark Carrie,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. He ran the day-to-day operations of the corporate Defendant, was responsible for significant operational decisions, and was partially or totally responsible for paying the Plaintiff's wages.

4.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*.

1

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Broward County, and because most, if not all, of the operational decisions were made in this District.

6. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Dominique Martin, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

8. Plaintiff consents to participate in this lawsuit.

9. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

10. Plaintiff was a non-exempt employee of the Defendants.

11. Plaintiff worked as a "cashier" for the Defendants from approximately July 2024 to May 2, 2025.

12. Plaintiff's job duties included ringing up customers at the Defendant's liquor store, accepting cash, credit card, and debit card payments for the items purchased by customers, and then at the end of her shift running a report to account for the cash received and credit/debit card transactions.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

14. Plaintiff regularly and routinely sold liquor, wine, beer, spirits, mixers, and other goods and supplies that moved through interstate commerce.

2

15. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by and subject to the requirements imposed by the FLSA.

17. Defendants sell liquor, wine, beer, spirits, mixers, and other goods and supplies that previously traveled in interstate commerce.

18. Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

19. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

20. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

### *FLSA Minimum Wage Liability and Damages*

21. Defendants utilized a weekly payroll period that runs from Sunday to Saturday.

22. Defendants would then directly deposit on Friday the wages earned through Saturday of the previous week via Paylocity, the Defendants' payroll provider.

23. The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

24. Defendants did not pay Plaintiff at least the minimum wage of $7.25 per hour by failing to pay Plaintiff any wages for work performed after April 19, 2025 (*i.e.*, for the 41.77 she work from April 20-26, 2025, to or the 31.66 hours worked from April 27 to May 2, 2025).

25. Plaintiff suffered minimum wage damages of $532.37 because Defendants did not pay her at least the federal minimum wage of $7.25 per hour for the 73.43 hours worked from April 20 to May 2, 2025.

26. Plaintiff is entitled to recover from the Defendants, jointly and severally, $532.37 in federal minimum wages not timely paid, plus an equal amount of $532.37 as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Dominique Martin, demands the entry of a judgment in her favor and against Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, jointly and severally after trial by jury and as follows:

a. That Plaintiff be awarded compensatory minimum wage damages of $532.37 and an equal amount of liquidated damages of $532.37 as provided under the law and in 29 U.S.C. § 216(b);
b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
d. That Plaintiff be awarded all other interest allowed by law;
e. That the Court declare Defendants to have willfully violated the FLSA; and
f. Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Dominique Martin, reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

### *FLSA Overtime Wage Liability and Damages*

27. Plaintiff initially agreed with Defendants that she would be paid $14.50 for each hour worked, and they later agreed in March 2025 that she would be paid $15 for each hour worked.

28. In Florida, the FLSA requires all covered employers to pay their non-exempt employees at least the applicable Florida minimum wage for all hours worked.

29. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

30. Defendants did not pay Plaintiff overtime wages calculated at one and a half times Plaintiff's regular hourly rates of $14.50 and then $15.00 when she worked more than 40 hours in a workweek.

31. When Plaintiff asked Defendant, Mark Carrie, about overtime pay, he responded that Defendants do not pay overtime.

32. Plaintiff suffered damages because Defendants did not pay her all the overtime wages she earned during the time relevant to this lawsuit.

33. Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times Plaintiff's regular hourly rates of $14.50 and then $15.00 per hour for each hour of overtime (or part thereof) worked during the relevant time period.

34. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Dominique Martin, demands the entry of a judgment in his/her favor and against Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, jointly and severally after trial by jury and as follows:

    a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. Award Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Dominique Martin, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of May 2025,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*