UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

     Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC. D/B/A
TIPSEE SPIRITS & WINE AND
MARK CARRIE,

     Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiff, Dominique Martin, sues Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Dominique Martin**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    **Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit liquor store business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

    3.    **Defendant, Mark Carrie,** was and is an owner/officer/director of the corporate Defendant during the time relevant to this lawsuit. He is a resident of Broward County, Florida, who ran the day-to-day operations of the corporate Defendant, was responsible for significant operational decisions, and was partially or totally responsible for paying the Plaintiff's wages.

1

4.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq*., and pendent/supplemental jurisdiction over her related claims brought under Florida state law.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

6.      Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

7.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Dominique Martin, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

8.      Plaintiff consents to participate in this lawsuit.

9.      Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

10.      Plaintiff was a non-exempt employee of the Defendants.

11.      Plaintiff worked as a "cashier" for the Defendants from approximately July 2024 to May 2, 2025.

12.      Plaintiff's job duties included ringing up customers at the Defendant's liquor store, which included regularly and routinely processing credit card and debit card payments for the items purchased by customers, resulting in the regular exchange of electronic information in

2

interstate commerce, and then running a report to account for the cash received and credit/debit card transactions at the end of her shifts.

13.     Plaintiff regularly and routinely sold liquor, wine, beer, spirits, mixers, and other goods and supplies that moved through interstate commerce.

14.     To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

15.     Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' liquor store business an enterprise covered by and subject to the requirements imposed by the FLSA.

17.     In particular, Defendants own and operate an liquor store that sells beer, wine, liquors, and spirits that traveled in interstate commerce while using payment processing terminals, computers, computer networking equipment, computer software, telephones, telephone equipment, refrigerators, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

18.     Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

19.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

20.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

### *FLSA Minimum Wage Liability and Damages*

21.     The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

22.     Defendants did not pay Plaintiff at least the minimum wage of $7.25 per hour by failing to pay her any wages for work performed after April 19, 2025 (*i.e.*, for the 48 hours she worked from April 20 to April 26, 2025, or the 31.36 hours she worked from April 27 to May 2, 2025).

23.     Plaintiff suffered minimum wage damages of $575.36 because Defendants did not pay her at least the federal minimum wage of $7.25 per hour for the 79.36 hours worked from April 20 to May 2, 2025.

24.     Plaintiff is entitled to recover from the Defendants, jointly and severally, $575.36 in federal minimum wages not timely paid, plus an equal amount ($575.36) as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Dominique Martin, demands the entry of a judgment in her favor and against Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, jointly and severally after trial by jury and as follows:

   a.   That Plaintiff be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

4

b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. Award Plaintiff such other and further relief as the Court deems just and proper.

## <u>COUNT II - FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiff, Dominique Martin, reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

### *FLSA Overtime Wage Liability and Damages*

25.     Plaintiff initially agreed with Defendants that she would be paid $14.50 for each hour worked, and they later agreed in March 2025 that she would be paid $15 for each hour worked.

26.     Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

27.     Defendants did not pay Plaintiff overtime wages calculated at one and a half times Plaintiff's regular hourly rate (of at least the applicable Florida minimum wage) for all hours worked over 40 hours in a given workweek.

28.     Plaintiff suffered damages because Defendants did not pay her all the overtime wages she earned during the time relevant to this lawsuit.

29.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages her regular rate (s) of pay  (of at least the applicable Florida minimum wage) for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or

5

devised a scheme that deprived Plaintiff of the overtime pay earned.

30.     Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Dominique Martin, demands the entry of a judgment in her favor and against Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, jointly and severally after trial by jury and as follows:

    a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff be awarded all other interest allowed by law;

    e. That the Court declare Defendants to have willfully violated the FLSA; and

    f. Award Plaintiff such other and further relief as the Court deems just and proper.

## <u>COUNT III – BREACH OF CONTRACT</u>
### (Against Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine)

Plaintiff, Dominique Martin, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

31.     Through this claim, Plaintiff seeks recovery of the "gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island,*

---

[1]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

*Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

32.     Plaintiff and Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $15.00 for each hour that she worked for it from April 20, 2025, to May 2, 2025.

33.     Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

34.     Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rate of $15.00 for each hour of work from April 20, 2025, to May 2, 2025.

35.     Plaintiff has been damaged as a direct and proximate result of this Defendant's breach of the parties' agreement through its failure to pay for the work performed from April 20, 2025, to May 2, 2025, in a timely manner.

WHEREFORE Plaintiff, Dominique Martin, demands the entry of a judgment in her favor and against Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine)

Plaintiff, Dominique Martin, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

36.     Through this claim, Plaintiff seeks recovery of the "gap time" wages that she worked and earned, but did not receive.[2]

37.     Plaintiff provided labor and services for Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

38.     Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

39.     Plaintiff provided services on behalf of Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

40.     Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from April 20, 2025, to May 2, 2025.

WHEREFORE Plaintiff, Dominique Martin, demands the entry of a judgment in her favor and against Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

---

[2]     *See* Paragraph 31, above.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Dominique Martin, demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 19th day of September  2025, which will affect service on all who appear in this action, and by U.S. Mail on Defendants, Bis-Nik II Enterprises Inc., d/b/a Tipsee Spirits & Wine, 800 N.W. 183rd St., Miami Gardens, FL 33169 and Mark Carrie, 3661 S.W. 163rd Ave., Miramar, FL 33027 (the address where each was served with process in this action).

s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No. 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*