UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC. D/B/A
TIPSEE SPIRITS & WINE AND
MARK CARRIE,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Dominique Martin, through her undersigned counsel, responds to the Court's Order to Show Cause [ECF No. 13], as follows:

1. On July 14, 2025, the Clerk entered a default against Defendant Mark Carrie. [ECF No. 8].

2. On September 11, 2025, the Clerk entered a default against Defendant Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine. [ECF No. 12].

3. On September 19, 2025, the Court entered an Order to Show Cause directing Plaintiff to file a motion for final default judgment or show cause why this case should not be dismissed. [ECF No. 13].

4. The Plaintiff then gathered the remaining evidence necessary for her to calculate the minimum and overtime wages owed to her. Upon analyzing this evidence in relation to the operative Complaint, the Plaintiff realized that she had inadvertently failed to include claims to

1

recover the wages she earned in excess of the federal minimum wage of $7.25 per hour but below the overtime wages she was owed.

5. Rather than move for the entry of a default final judgment, Plaintiff filed an Amended Complaint later that same day (September 19, 2025) to include claims for recovery of the addition of "gap time" wages owed to under the common law of Florida (based on a claim for Breach of Contract (at Count III) and one for Unjust Enrichment (at Count IV)). [ECF Nos. 15].

6. Plaintiff filed the Amended Complaint in good faith to ensure that all claims were properly pled before seeking final judgment, thereby promoting efficiency and judicial economy and preventing the need to piecemeal or duplicative proceedings.

7. The Court struck the Amended Complaint [ECF No. 15] as having been filed outside of the 21-day window for an amendment that did not need the Court's approval and without prior leave from the Court. [ECF No. 16].

8. Plaintiff will shortly hereafter request the Court's permission to grant her leave to file an Amended Complaint to include the two additional claims identified above, as they would be required to obtain full relief, they arise out of a common nucleus of operative facts, and since the deadline to file an amendment to the pleadings has not yet expired.

9. Plaintiff respectfully submits that her request to file an Amended Complaint to include additional claims for unpaid wages before the expiration of any deadline to amend the pleadings constitutes good cause in response to the Court's Order to Show Cause.

WHEREFORE, Plaintiff, Dominique Martin, respectfully requests that the Court find good cause exists to discharge the Order to Show Cause.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**MEMORANDUM OF LAW**

The intention to file an amended complaint with additional claims constitutes good cause for not pursuing a default final judgment for several reasons. First, proceeding with a default final judgment based on the current Complaint while simultaneously preparing to file an Amended Complaint that will supersede it would create procedural inefficiency and potential confusion. Once the Amended Complaint becomes the operative pleading, the Court would be precluded from entering a default final judgment based on the Defendants' failure to respond to the initial Complaint. Thus, to avoid the procedural inefficiencies in filing a motion for default final judgment on a pleading that the Plaintiff seeks to supersede, the Plaintiff does not intend to file a Motion for Default Final Judgment directed to the initial Complaint unless and until the Court refuses to permit her to file an Amended Complaint to pursue her "gap time" claims.

The Plaintiff seeks to travel upon an Amended Complaint that will include viable claims (for "gap time" wages), such that there would be no basis to deny her ability to travel upon it, as they would not be "futile." *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The same day that the Court directed the Plaintiff to file a Motion for Default Final Judgment, she promptly filed an Amended Complaint to include the additional claims she inadvertently failed to include in the initial Complaint. [ECF Nos. 13, 15].

The Plaintiff will, shortly hereafter, file a motion to request the Court's permission to travel upon an Amended Complaint, such that there would be no undue delay in proceeding in this matter.

The Defendants, who were defaulted, would not be prejudiced by permitting the Plaintiff to pursue relief under an Amended Complaint, as they would receive additional time to respond to it

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

(instead of being subjected to a default final judgment under the initial Complaint). *Compare Sherrard v. Macy's Sys. & Tech., Inc.*, 724 F. App'x 736, 739 (11th Cir. 2018) (finding "good cause" where a party demonstrated "inadvertent mistake, prompt action to correct its default, and the lack of prejudice" as "sufficient to show good cause"). Additionally, in this case, the Plaintiff will not unreasonably delay the prosecution of this action, as there is no scheduling order in place.

Therefore, Plaintiff requests that the Court find that "good cause" exists, as demonstrated above, discharge the Order to Show Cause, and determine that this case should not be dismissed by her electing to request permission to an Amended Complaint instead of the entry of a default final judgment on the initial Complaint.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 24th day of September 2025, which will serve on all who appeared in this action, and by U.S. Mail on Defendants (33027 (at the addressees where each was served with process in this action): Bis-Nik II Enterprises. Inc. d/b/a Tipsee Spirits, at 800 NW 183 Street, Miami Gardens, FL 33169, and Mark Carrie at 3661 SW 163 Avenue, Miramar, FL 33027.

s/ Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*