UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE
AND MARK CARRIE,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Dominique Martin, pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure, Local Rule 7.1, and other applicable Rules and laws, requests that the Court enter an Order permitting her to file an Amended Complaint based upon the following good cause:

1. Plaintiff filed this lawsuit to recover the wages she earned but was not paid. [ECF No. 1].

2. In the initial Complaint, the Plaintiff alleged claims for unpaid minimum and overtime wages against the Defendants under the FLSA (only). *Id.*

3. Plaintiff served the Summons and Complaint on Defendant, Mark Carrie, on June 17, 2025. [ECF No. 6-1.]

4. The Clerk of Court issued a default against the Defendant Mark Carrie on July 14, 2025, as a result of his failure to timely respond to the Complaint. [ECF No. 8.]

5. Plaintiff served the Summons and Complaint on Defendant, Biz-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine on August 14, 2025 [ECF No. 9-1.]

6. The Clerk of Court issued a default against Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, on September 11, 2025. [ECF No. 10.]

> **Commented [BHP1]:** where is the rest of the procedural history? I recall that I had a similar comment when you had proposed the M/Default Final Judgment.

7. In preparation for seeking the issuance of a Default Final Judgment against the Defendants, the Plaintiff reviewed the wage records and information available to her and determined that she had inadvertently failed to include claims to recover the balance of the wages she earned that exceeded the FLSA's $7.25 hourly minimum wage but which were less than time-and-a-half overtime hourly wages owed (*i.e.*, for unpaid "gap time" wages that were not included in the original pleading). *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 U.S. Dist. LEXIS 136499 (M.D. Fla. Aug. 25, 2017) (discussing claims for time worked that is not recoverable under the FLSA as minimum or overtime wages).

8. Plaintiff seeks leave to amend the Complaint to include her "gap time" wage claims to afford her a full recovery for the wages she earned but did not receive (along with all other damages and recovery permitted/provided by the law).

9. The proposed Amended Complaint is appended hereto as Exhibit "A".

10. Allowing the Plaintiff to pursue "gap time" claims in an Amended Complaint is appropriate under the circumstances presented herein. *Alcala v. Michael Dawkins Grp., Inc.*, No. 2024 U.S. Dist. LEXIS 99055, at *9 (S.D. Fla. June 4, 2024) (analyzing "gap time" claim and permitting recovery thereon).

11. The amendment will not prejudice Defendants, as they are already in default, have not expended resources litigating the case, and the inclusion of additional wage claims will not compromise their obligation to defend. *Campbell v. Bennett*, 47 F.4th 1362 (11th Cir. 2022).

12. The amendment is not the product of undue delay or bad faith; rather, it is sought before any scheduling order was entered and at an early stage in the proceeding.

13. Federal courts liberally permit amendment of pleadings when justice so requires. *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996).

14. "Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading shall be freely given when justice so requires." *Jameson v. Arrow Co.*, 75 F.3d 1528, 1534 (11th Cir. 1996) (internal brackets and quotations omitted). Furthermore, "the decision whether to grant leave to amend is within the sound discretion of the trial court." *Id.* The Supreme Court liberally construes this rule:

> [I]n the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

15. The proposed amendment is sought in good faith, before the entry of any judgment, and will not prejudice the Defendant, who is already in default.

16. The deadline to amend the pleadings has not been established, so the proposed amendment is timely.

17. Although permitting the Plaintiff to pursue her additional claim through an Amended Complaint would likely delay these proceedings commensurate with the time required

for service of the Amended Complaint on the Defendants and a response thereto, this brief delay would not be *unreasonable* in the context of this case or federal litigation in general.

18. Allowing the proposed amendment will promote judicial economy by permitting all claims arising from Plaintiff's employment to be resolved in a single action.

WHEREFORE Plaintiff, Dominique Martin, requests the Court to enter an Order granting her leave to file an Amended Complaint in the form appended hereto, and to award such other and further relief as the Court deems just and proper.

### LOCAL RULE 7.1 CERTIFICATION

Defendants failed to respond to the Complaint or otherwise contact the undersigned, precluding the opportunity to confer with them.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 24th day of September 2025, which will effect service on all who appear in this action, and by U.S. Mail on Defendants, (at the addresses where each was served with process in this action): Bis-Nik II Enterprises. Inc. d/b/a/ Tipsee Spirits, at 800 NW 183 Street, Miami Gardens, FL 33169, and Mark Carrie at 3661 SW 163 Avenue, Miramar, FL 33027.

          s/Katelyn Schickman, Esq.
          Brian H. Pollock, Esq.
          Fla. Bar No. 174742
          brian@fairlawattorney.com
          Katelyn Schickman, Esq.
          Fla. Bar No. 1064879
          katie@fairlawattorney.com
          FAIRLAW FIRM
          135 San Lorenzo Avenue
          Suite 770
          Miami, FL 33146
          Tel: 305.230.4884
          *Counsel for Plaintiff*