UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
d/b/a TIPSEE SPIRITS & WINE
and MARK CARRIE,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE JOINT SCHEDULING REPORT

Plaintiff, Dominique Martin, through her undersigned counsel and pursuant to Local Rule 7.1 and other applicable Rules and laws, requests the Court to grant the parties an extension of time to file their Joint Scheduling Report, as follows:

### I. Relevant Procedural History

1. On May 16, 2025, Plaintiff filed her two-count Complaint for unpaid minimum and overtime wages under the Fair Labor Standards Act [ECF No. 1].

2. Defendant Mark Carrie was served with the Summons and Complaint on June 17, 2025 [ECF No. 6], but failed to timely respond, resulting in the Clerk's Entry of Default [ECF No. 8].

3. Defendant Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine ("Bis-Nik") was served on August 14, 2025 [ECF No. 9], and also failed to respond, leading to another Clerk's Entry of Default [ECF No. 12].

4. Thereafter, Plaintiff requested and was granted leave to amend her Complaint to include additional counts for breach of contract and unjust enrichment against Bis-Nik [ECF Nos. 21, 22, 23].

5. The Clerk issued Pluries Summonses on October 14, 2025, to be served on Defendants along with the Amended Complaint [ECF Nos. 26, 27].

6. Although Defendants have not yet been formally served with the Amended Complaint and Pluries Summonses, Defendant Mark Carrie — proceeding *pro se* and purporting to represent both himself and Bis-Nik — filed a "Response Motion Opposing Plaintiff's Amended Complaint" on October 17, 2025 [ECF No. 28]. This filing, however, did not include any contact information (telephone number or email address).

7. On October 22, 2025, the Court entered its Paperless Order Regarding Certificate of Interested Parties and Joint Scheduling Report [ECF No. 30] (the "Order"), directing the parties to:

  a. Conduct a scheduling conference via video conference or in person;

  b. Exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) at or before the scheduling conference; and

  c. Prepare and file a Joint Scheduling Report on or before November 1, 2025.

## II. Good Cause for Extension

8. Plaintiff's undersigned counsel prepared a draft of the parties' Joint Scheduling Report and attempted to confer with Defendant Carrie to coordinate the Rule 26(f) scheduling conference. The undersigned called Defendant Carrie at his last-known telephone number (as provided by Plaintiff) on multiple occasions — but received no response. In addition, the

undersigned was unable to contact Defendant Carrie by email, as he did not provide an email address in Defendants' "Response Motion Opposing Plaintiff's Amended Complaint" [ECF No. 28].

9. As of the date of this filing, Defendants have not responded to these attempts or otherwise provided contact information, rendering it impossible to hold the required conference or finalize the Joint Scheduling Report.

10. Plaintiff therefore requests a 60-day extension, through December 31, 2025, to allow sufficient time to reattempt communication with Defendants and comply with the Court's Order.

### III.  Legal Basis and Requested Relief

11. Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time… if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

12. The requested extension is supported by good cause, as Plaintiff has diligently attempted to comply with the Court's directives but has been unable to do so due to Defendants' lack of responsiveness and the absence of any listed contact information in their *pro se* filing.

13. Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

14. Accordingly, Plaintiff respectfully requests that this Honorable Court extend the deadline for filing the Joint Scheduling Report to December 31, 2025, and grant such other and further relief as the Court deems just and proper.

### LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that the undersigned has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion by calling Defendant Mark Carrie at his last-known telephone number on October 29, 2025 at 5:41 p.m. and 6:04 p.m., and on October 30, 2025 at 4:53 p.m. However, Defendants have failed to respond to these conferral attempts.

>FAIRLAW FIRM
>*Plaintiff's Counsel*
>
>s/ Patrick Brooks LaRou
>Patrick Brooks LaRou, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the U.S. District Court's CM/ECF System this 30th day of September 2025, which will effect service on all who appear in this action, and served by U.S. Mail on Defendants (at the addresses where each was served with process in this action): Bis-Nik II Enterprises. Inc. d/b/a/ Tipsee Spirits, at 800 N.W. 183rd Street, Miami Gardens, Florida 33169; and Mark Carrie, at 3661 S.W. 163rd Avenue, Miramar, Florida 33027.

>s/ Patrick Brooks LaRou
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>Patrick Brooks LaRou, Esq. (1039018)
>brooks@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue, Suite 770
>Coral Gables, Florida 33146
>Telephone: (305) 230-4884
>*Counsel for Plaintiff*