UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
d/b/a TIPSEE SPIRITS & WINE
and MARK CARRIE,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION OPPOSING AMENDED COMPLAINT

Plaintiff Dominique Martin, by and through her undersigned counsel, hereby responds to Defendants' "Response Motion Opposing Plaintiff's Amended Complaint" entered October 17, 2025 [ECF No. 28] (the "Motion"), and requests it be denied as follows:

### I.  INTRODUCTION

In Defendants' Motion — filed *pro se* by Mark Carrie, purportedly on behalf of himself and Bis-Nik II Enterprises, Inc. ("Bis-Nik") — Defendants request the Court's dismissal of the instant action on the basis that "[t]he Complaint alleges several issues without any proof to support the allegations." ECF No. 28, at 1. This filing is procedurally improper and legally deficient. It fails to comply with the Federal Rules of Civil Procedure in multiple respects, and it attempts to advance factual disputes and defenses that are not proper grounds for any motion to dismiss. In addition, the corporate defendant Bis-Nik cannot appear without an attorney and thus cannot validly join in Mr. Carrie's *pro se* Motion. Plaintiff respectfully requests that the Court strike or deny the "Response

Motion" in its entirety as an unauthorized and improper filing. At a minimum, the motion must be stricken as to Bis-Nik, which may only appear through licensed counsel. Further, even liberally construed, the motion states no cognizable basis for dismissal under Rule 12 and should be denied (or treated as an Answer) rather than entertained as a motion to dismiss. Each of these points is addressed in turn below.

## II. MEMORANDUM OF LAW

### A. The *Pro Se* "Response Motion" Is Improper and Subject to Being Stricken.

The *pro se* submission filed by Defendant Carrie is not a recognized pleading or motion under the Federal Rules of Civil Procedure. A defendant faced with a complaint may either answer or file a motion under Rule 12(b) (or other permitted pre-answer motions, such as for a more definite statement under Rule 12(e)). There is no provision for a generic "response" or "opposition" to a complaint. Mr. Carrie's filing does not identify any rule under which it is brought, and it is essentially an amalgam of factual assertions disputing the Complaint's allegations. Because it is not a proper motion or pleading, the Court has discretion to strike it as procedurally improper.

The Court possesses the inherent authority to manage its docket by striking filings that do not comply with the procedural rules. *Whipple v. Warden*, 2020 U.S. App. LEXIS 15892, at *5 (11th Cir. May 18, 2020); *Fisher v. Whitlock*, 784 Fed. Appx. 711, 712 (11th Cir. 2019). Indeed, even *pro se* litigants are required to follow the Federal and Local Rules of Procedure. *Vellar Holdings LLC v. USMPO LLC*, 2025 U.S. Dist. LEXIS 142700, at *10 (S.D. Fla. Jul. 25, 2025) (citing *Galloway v. GA Tech. Auth.*, 182 Fed. App'x 877, 883 (11th Cir. 2006); *Morford v. Cattelan*, 2022 U.S. Dist. LEXIS 118967, at FN1 (S.D. Fla. Jul. 6, 2022). Here, Defendant's motion was filed without a supporting memorandum of law or citation to any rule, as required by S.D. Fla. Local Rule

7.1. This alone justifies striking or summarily denying the motion for failure to comply with the Rules.

Moreover, to the extent the Motion purports to be filed on behalf of Bis-Nik, it violates Federal Rule of Civil Procedure 11. Rule 11(a) requires that every pleading or written motion be signed by at least one attorney of record, or if the party is unrepresented, by the party personally. A corporation, however, cannot appear *pro se* (as discussed in the next section); it must act through licensed counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Therefore, a non-lawyer's signature on behalf of a corporation is ineffective, essentially rendering the corporate defendant's motion an "unsigned" paper. Rule 11 mandates that the Court "must strike an unsigned paper unless the omission is promptly corrected[.]" Fed. R. Civ. P. 11(a). Because the Motion was not signed by an attorney, it is not validly signed at all. No correction has been made. Accordingly, under Rule 11(a) the filing should be stricken as to the corporate defendant. *See, e.g., Mayes v. J & J Green Paper, Inc.*, 2025 U.S. Dist. LEXIS 114058 (S.D. Fla. Jun. 9, 2025) (striking the corporate defendant's motion filed by its non-attorney owner/officer).

It is black-letter law that a corporation or other artificial legal entity cannot appear in federal court without licensed counsel. 28 U.S.C. § 1654 authorizes parties to "plead and conduct their own cases personally or by counsel" in federal court, but this statute has long been interpreted to allow only natural persons to appear *pro se* on their own behalf. A non-lawyer individual cannot represent another party, and a corporation, being an artificial entity, cannot appear except through an attorney. The U.S. Supreme Court and the Eleventh Circuit have repeatedly affirmed this principle. As the Supreme Court explained, "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California*

*Men's Colony*, 506 U.S. 194, 201–02 (1993). Likewise, the Eleventh Circuit has stated unequivocally: "The rule is well established that a corporation is an artificial entity that ... cannot appear *pro se*, and must be represented by counsel." *Palazzo*, 764 F.2d at 1385 (11th Cir. 1985); *see also Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) ("A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.").

In this case, Defendant Bis-Nik has attempted to "appear" and oppose the Amended Complaint solely through the filing signed by its owner/officer, Mark Carrie — who is not an attorney. He cannot represent Bis-Nik in this Court. Because Bis-Nik has no counsel of record and did not personally sign anything (it cannot "sign" except through an attorney), it has effectively not made any valid appearance or response. The portion of the "Response Motion" seeking relief on behalf of Bis-Nik is a legal nullity. Courts in this Circuit routinely strike or deny filings made by non-attorneys on behalf of corporations. *See Mayes v. J & J Green Paper, Inc.*, 2025 U.S. Dist. LEXIS 114058; *Vellar Holdings LLC*, 2025 U.S. Dist. LEXIS 142700, at *3. Here, too, the appropriate remedy is to strike or deny the motion as to Defendant Bis-Nik. On that basis, the motion should not be considered for any relief on behalf of the corporate defendant. If Bis-Nik wishes to defend this action, it must promptly appear through licensed counsel. Absent that, its failure to properly respond could subject it to default proceedings at the appropriate time. *Naval Logistics, Inc. v. Petrus*, 753 F. Supp. 3d 1298, at 1307-08 (S.D. Fla. 2024) (business entity's failure to obtain counsel is grounds for default).

In sum, Defendant Bis-Nik has no right to proceed *pro se* in this Court. The law is clear that any filings made on its behalf by a non-attorney are improper. Plaintiff respectfully requests that the Court strike or deny the "Response Motion" as it pertains to the corporate defendant.

B. <u>The Motion States No Valid Ground for Dismissal Under Rule 12(b).</u>

Even putting aside the procedural flaws, Defendants' motion utterly fails to articulate any legitimate basis for dismissing the Amended Complaint. A motion to dismiss under Rule 12(b) tests the legal sufficiency of the complaint – it must be based on one of the specific grounds enumerated in Rule 12(b)(1) through (6) (e.g., lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process or service, or failure to state a claim). The *pro se* "Response Motion" identifies no such ground. It does not contend that this Court lacks jurisdiction or that venue is improper. It does not argue insufficiency of service of process. Most importantly, it does not argue that the Amended Complaint fails to state a claim for relief.

Instead, the motion appears to challenge the truth of Plaintiff's factual allegations and to advance what amount to affirmative defenses, denials, or explanations for Defendants' failure to pay the wages and damages claimed. For example, if the motion asserts that Plaintiff was not owed certain wages, or that Defendants have evidence contradicting her claims, those are matters outside the four corners of the complaint. Such arguments are *not* proper grounds for dismissal under Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court must accept the well-pleaded allegations of the complaint as true and may not resolve factual disputes or consider evidence outside the complaint's allegations. *Morford v. Cattelan*, 2022 U.S. Dist. LEXIS 118967, at *3-4 (S.D. Fla. Jul. 6, 2022). The sole question is whether the complaint, on its face, states a plausible claim for relief. *Id.* (quoting *Bell-Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff's Amended Complaint clearly meets that standard – it sets forth detailed factual allegations of FLSA minimum wage and overtime violations, as well as breach of contract and unjust enrichment, against Defendants (including specific dates, pay rates, hours worked, and

amounts unpaid). There is no suggestion in Defendants' motion that the Complaint is missing any required element or fails to give fair notice of the claims. In fact, the motion does not engage with the legal elements of Plaintiff's claims at all; it simply disputes the facts and offers defenses or denials (contending that Defendants did pay Plaintiff, that she wasn't entitled to certain wages, and that she was allegedly terminated for theft) — which cannot be adjudicated on a motion to dismiss unless they are apparent on the face of the complaint.

It is well settled that a plaintiff has no obligation to negate or rebut affirmative defenses in the complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a complaint need not anticipate or plead around potential defenses); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020). Consequently, a motion to dismiss generally cannot be based on an affirmative defense or factual dispute *unless* the complaint itself establishes the defense beyond doubt. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971-73 (2016). That is not the case here. Nothing on the face of the Amended Complaint suggests any absolute defense to Plaintiff's claims. For example, if Defendants believe they paid all wages due, that is a factual defense they must prove – the Complaint certainly does not concede payment (to the contrary, it alleges non-payment). The Eleventh Circuit has made clear that dismissal under Rule 12(b)(6) on the basis of an affirmative defense is only appropriate "if an affirmative defense appears on the face of the complaint." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015). If the complaint does not conclusively show the existence of the defense, the issue must be raised later (e.g., at summary judgment or trial), not on a Rule 12(b) motion. Here, Defendants' factual contentions require considering evidence outside the pleadings and resolving credibility – which the Court cannot do on a motion to dismiss.

Simply put, Defendants' motion does not attack the legal sufficiency of Plaintiff's claims; it assumes the role of an Answer by denying allegations and asserting defenses. Under Rule 12, that is not a proper basis to "dismiss" the case. The Court should therefore refuse to dismiss any part of the Amended Complaint. At most, the filing by Defendant Carrie could be deemed an Answer and/or general denial of the Amended Complaint (by him individually). But under no circumstance does the motion justify any dismissal of Plaintiff's claims at the pleading stage. The motion should be denied to the extent it seeks dismissal under Rule 12(b).

### C. A Complaint Need Not Attach Evidence or Exhibits at the Pleading Stage.

Defendants' motion also appears to suggest that Plaintiff's Amended Complaint is somehow inadequate because it did not attach "evidence," "affidavits," or other documentation to prove her allegations. This argument reflects a misunderstanding of the fundamental rules of pleading. Under Rule 8(a)(2), a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Federal Rules of Civil Procedure deliberately do not require plaintiffs to plead evidence or detailed factual proof. To the contrary, the U.S. Supreme Court has confirmed that while a complaint must contain enough factual matter to state a plausible claim, "Rule 8 ... does not require detailed factual allegations" at the outset. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555. A plaintiff is not obligated to attach affidavits, documents, or other evidence to the complaint in order to survive a motion to dismiss. Rather, the court assumes the truth of the complaint's factual allegations and asks whether those facts, if proven, would entitle the plaintiff to relief. *Id.* (quoting *Twombly*, 550 U.S. at 570).

Numerous decisions make this clear. The Eleventh Circuit has noted that the threshold for a complaint to survive dismissal is very low under the notice-pleading standard – the complaint need

only give fair notice of the claim and the grounds on which it rests. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 995 (11th Cir. 1983). It is "axiomatic that the same pleading rules apply in this case as in any other civil case in federal court: nothing more, nothing less." *Id.* at 996. That means a plaintiff need not prove her case in the complaint, and recovery need not appear imminent at the pleading stage. *Id.* At 995. The goal is simply to allege enough facts to state a plausible claim and to put the defendant on notice. Requiring evidentiary submissions with the complaint would turn the notice pleading system on its head.

Accordingly, any contention by Defendants that the Amended Complaint is deficient for lack of attached proof is meritless. Courts routinely reject motions to dismiss that complain a claim is "unsupported" by evidence – such motions misconceive the role of pleadings versus proof. At this stage, Plaintiff's well-pleaded allegations (e.g. that she worked certain hours, was promised certain wages, and was not paid) must be accepted as true. Whether she can ultimately prove those allegations with evidence is a question for summary judgment or trial, not a basis for dismissal now. In short, Rule 8 does not require Plaintiff to attach any evidence to her Complaint, and the absence of exhibits or affidavits is not a valid objection. The Amended Complaint easily satisfies Rule 8's requirements by articulating the factual basis of each claim and the relief sought. No more is required at this stage.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendants' "Response Motion Opposing Plaintiff's Amended Complaint" in its entirety as an improper filing. In the alternative (or at a minimum), the motion should be stricken or denied as to Defendant Bis-Nik, because the corporation cannot appear without counsel. To the extent the motion is construed

as seeking dismissal under Rule 12(b), it should be denied for failure to state any valid ground for dismissal. The motion raises factual disputes and defenses that must be addressed, if at all, in an Answer or on the merits – not on a pre-answer motion. Accordingly, the Court should treat the substance of the filing as Defendant Mark Carrie's Answer to the Amended Complaint (since it responds to the allegations), or else direct Mr. Carrie to file a proper Answer that conforms to Rule 8 and 11 within a set time. Plaintiff further requests that the Court caution Defendant Bis-Nik that it must appear through counsel and properly respond to the Amended Complaint once served, or face the possibility of default.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the U.S. District Court's CM/ECF System this 30th day of September 2025, which will effect service on all who appear in this action, and served by U.S. Mail on Defendants (at the addresses where each was served with process in this action): Bis-Nik II Enterprises. Inc. d/b/a/ Tipsee Spirits, at 800 N.W. 183rd Street, Miami Gardens, Florida 33169; and Mark Carrie, at 3661 S.W. 163rd Avenue, Miramar, Florida 33027.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*