UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE
and MARK CARRIE,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

    Counsel for Plaintiff, Dominique Martin, submits the following Joint Scheduling Report pursuant to Local Rule 16.1(b)(2) and this Court's Orders entered October 22, 2025 [ECF No. 30] and November 11, 2025 [ECF No. 33]:

**(A)** **The Likelihood of Settlement.**

    Plaintiff remains open to exchanging information and exploring the potential for resolving this matter, in which Plaintiff seeks compensatory minimum and overtime wage damages (plus interest, liquidated damages, costs, and attorneys' fees) under the Fair Labor Standards Act, as well as damages for breach of contract and unjust enrichment.

**(B)** **The Likelihood of Appearance in the Action of Additional Parties.**

    Plaintiff does not anticipate the appearance of any additional parties at this time.

**(C)** **Proposed Limits on Time.**

    1.    **To join other parties and to amend the pleadings:** by December 30, 2025.

    2.    **To file and hear dispositive motions:** by May 14, 2026.

    3.    **To complete discovery:** by March 15, 2026.

**(D)**    Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.

None at this time.

**(E)**    The Necessity or Desirability of Amendments to the Pleadings.

None other than as necessary if an additional Plaintiff were to join in these proceedings.

**(F)**    The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.

Plaintiff proposes that the parties utilize admissions of fact and stipulations regarding the authenticity of documents to avoid unnecessary proof.

**(G)**    Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.

None other than in (F), above.

**(H)**    Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.

Plaintiff proposes that motions concerning discovery, costs, attorneys' fees, sanctions or contempt, and other pre-trial matters (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)**    A Preliminary Estimate of the Time Required for Trial.

Plaintiff's preliminary estimate of the time required for trial is three days by jury.

**(J)**    Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial.

    1.    **Trial:** September 21, 2026, at 9:30 a.m.

    2.    **Pre-trial Conference:** September 15, 2026, at 10:00 a.m.

  3. **Joint Pre-trial Stipulations:** September 8, 2026.

  4. **Motion in Limine deadline:** July 31, 2026.

  5. **Completion of Mediation:** March 22, 2026.

**(K)** **Any Issues Regarding:**

  1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced.**

Plaintiff anticipates that ESI may exist subject to discovery or disclosure. Plaintiff proposes that such ESI should be identified and preserved in native format; however, the initial production of such documents should be in searchable Word, Excel, .pdf, or .tiff format unless specifically requested otherwise. Plaintiff asserts there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

Plaintiff further anticipates that the parties will produce electronically stored information relating to Plaintiff's days and hours worked and pay to her electronically, to the extent it exists. The electronic formats are likely to include those that can be opened by Microsoft Word, Microsoft Excel, and Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, Plaintiff proposes that the parties agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). Additionally, Plaintiff proposes that such discussions may be used in connection with any motion to compel.

  2. **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim

of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

Plaintiff proposes that the parties address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

Plaintiff does not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

None at this time, although there are pattern jury instructions applicable to actions for unpaid minimum and overtime wages under the FLSA. There is no need for a variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure

**(M)** **Plaintiff's Statement of Claim.**

Plaintiff provides this Statement of Claim as a case management tool required by the Court at ECF No. 1. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading, and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.") Plaintiff's Statement of Claim is based upon the information currently known and/or available. Plaintiff reserves the right to amend this Statement of Claim based upon additional information provided by Defendants, through discovery, and/or as additional/different information becomes know

1. **Initial estimate of the total amount of alleged unpaid wages.**

Plaintiff estimates that she is owed **$2,816.63**, which is comprised of **$1,616.63** in unpaid **overtime wages** and **$1,200.00** in unpaid **straight-time wages.**

2. **Preliminary calculation of alleged unpaid wages.**

    a. **Unpaid Overtime Wages:**

| Period Start | Period End | Pay Date | Hours Worked | Regular Pay Rate | Overtime Hours | Overtime Pay Rate | Overtime Wages Owed |
|---|---|---|---|---|---|---|---|
| Jul. 21, 2024 | Jul. 27, 2024 | Aug. 2, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Jul. 28, 2024 | Aug. 2, 2024 | Aug. 9, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Aug. 4, 2024 | Aug. 10, 2024 | Aug. 16, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Aug. 11, 2024 | Aug. 17, 2024 | Aug. 23, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Aug. 18, 2024 | Aug. 24, 2024 | Aug. 30, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Aug. 25, 2024 | Aug. 31, 2024 | Sep. 6, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Sep. 1, 2024 | Sep. 7, 2024 | Sep. 13, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Sep. 8, 2024 | Sep. 14, 2024 | Sep. 20, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Sep. 15, 2024 | Sep. 21, 2024 | Sep. 27, 2024 | 48 | $14.50 | 8 | $7.25 | $58.00 |
| Sep. 22, 2024 | Sep. 28, 2024 | Oct. 4, 2024 | 44 | $14.50 | 4 | $7.25 | $29.00 |
| Sep. 29, 2024 | Oct. 5, 2024 | Oct. 11, 2024 | 45.5 | $14.50 | 5.5 | $7.25 | $39.88 |
| Oct. 6, 2024 | Oct. 12, 2024 | Oct. 18, 2024 | 46.5 | $14.50 | 6.5 | $7.25 | $47.13 |
| Oct. 13, 2024 | Oct. 19, 2024 | Oct. 25, 2024 | 45 | $14.50 | 5 | $7.25 | $36.25 |
| Oct. 20, 2024 | Oct. 26, 2024 | Nov. 1, 2024 | 45 | $14.50 | 5 | $7.25 | $36.25 |
| Oct. 27, 2024 | Nov. 2, 2024 | Nov. 8, 2024 | 46 | $14.50 | 6 | $7.25 | $43.50 |
| Nov. 3, 2024 | Nov. 9, 2024 | Nov. 15, 2024 | 46 | $14.50 | 6 | $7.25 | $43.50 |
| Dec. 15, 2024 | Dec. 21, 2024 | Dec. 27, 2024 | 46 | $14.50 | 6 | $7.25 | $43.50 |
| Dec. 22, 2024 | Dec. 28, 2024 | Jan. 3, 2025 | 46 | $14.50 | 6 | $7.25 | $43.50 |
| Dec. 29, 2024 | Jan. 4, 2025 | Jan. 10, 2025 | 45.5 | $14.50 | 5.5 | $7.25 | $39.88 |
| Jan. 5, 2025 | Jan. 11, 2025 | Jan. 17, 2025 | 44 | $14.50 | 4 | $7.25 | $29.00 |
| Jan. 12, 2025 | Jan. 18, 2025 | Jan. 24, 2025 | 35.5 | $14.50 | 0 | $7.25 | $0.00 |
| Jan. 19, 2025 | Jan. 25, 2025 | Jan. 31, 2025 | 45 | $14.50 | 5 | $7.25 | $36.25 |
| Jan. 26, 2025 | Feb. 1, 2025 | Feb. 7, 2025 | 46 | $14.50 | 6 | $7.25 | $43.50 |
| Feb. 2, 2025 | Feb. 8, 2025 | Feb. 14, 2025 | 47 | $14.50 | 7 | $7.25 | $50.75 |
| Feb. 9, 2025 | Feb. 15, 2025 | Feb. 21, 2025 | 46 | $14.50 | 6 | $7.25 | $43.50 |

| Period Start | Period End | Hours Worked | Regular Pay Rate | OT Hours | OT Half-Rate | Wages Owed |
|---|---|---|---|---|---|---|
| Feb. 16, 2025 | Feb. 22, 2025 | Feb. 28, 2025 | 46 | $14.50 | 6 | $7.25 | $43.50 |
| Feb. 23, 2025 | Mar. 1, 2025 | Mar. 7, 2025 | 42 | $14.50 | 2 | $7.25 | $14.50 |
| Mar. 2, 2025 | Mar. 8, 2025 | Mar. 14, 2025 | 46.5 | $15.00 | 6.5 | $7.50 | $48.75 |
| Mar. 9, 2025 | Mar. 15, 2025 | Mar. 21, 2025 | 49 | $15.00 | 9 | $7.50 | $67.50 |
| Mar. 16, 2025 | Mar. 22, 2025 | Mar. 28, 2025 | 46.5 | $15.00 | 6.5 | $7.50 | $48.75 |
| Mar. 23, 2025 | Mar. 29, 2025 | Apr. 4, 2025 | 48.5 | $15.00 | 8.5 | $7.50 | $63.75 |
| Mar. 30, 2025 | Apr. 5, 2025 | Apr. 11, 2025 | 48 | $15.00 | 8 | $7.50 | $60.00 |
| Apr. 6, 2025 | Apr. 12, 2025 | Apr. 18, 2025 | 48 | $15.00 | 8 | $7.50 | $60.00 |
| Apr. 13, 2025 | Apr. 19, 2025 | Apr. 25, 2025 | 43 | $15.00 | 3 | $7.50 | $22.50 |
| Apr. 20, 2025 | Apr. 26, 2025 | May 2, 2025 | 48 | $15.00 | 8 | $7.50 | $60.00 |

Total:   $1,616.63

    b.    Unpaid Straight-Time Wages:

| Period Start | Period End | Hours Worked | Regular Pay Rate | Wages Owed |
|---|---|---|---|---|
| Apr. 20, 2025 | Apr. 26, 2025 | 48 | $15.00 | $720.00 |
| Apr. 27, 2025 | May 3, 2025 | 32 | $15.00 | $480.00 |

Total:   $1,200.00

    3.    **Approximate period during which the alleged FLSA violations occurred.**

Plaintiff estimates that the alleged FLSA violations occurred between approximately July 21, 2024, and May 9, 2025, the date her final paycheck became due.

    4.    **Nature of the wages (e.g., overtime or straight time).**

Plaintiff seeks recovery of minimum and overtime wages under the FLSA, as well as straight-

time wages under Florida common law (breach of contract, or in the alternative, unjust enrichment).

**Amount of attorneys' fees and costs incurred to date.**

| | | |
|---|---|---|
| Attorneys' Fees: | | $11,927.50 |
| Brian H. Pollock, Esq. ($500/hour) | 7.9 hours | |
| Gaelle W. Colas, Esq. ($425/hour) | 0.7 hours | |
| P. Brooks LaRou, Esq. ($375/hour) | 9.7 hours | |
| Katelyn Schickman, Esq. ($275/hour) | 12.3 hours | |
| Steffany Sanguino (paralegal) ($165/hour) | 4.0 hours | |
| Costs: | | $683.37 |
| Total Fees and Costs: | | $12,610.87 |

Respectfully submitted this 21st day of November 2025,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*