UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

     Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC. D/B/A
TIPSEE SPIRITS & WINE AND
MARK CARRIE,

     Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(b)

Plaintiff, Dominique Martin, through undersigned counsel, responds to Defendants' Motion to Dismiss Pursuant to Rule 12(b) [ECF No. 41] (the "Motion") and respectfully requests that the Motion be denied in its entirety, with Defendants ordered to file an Answer to the Amended Complaint within fourteen (14) days of the Court's ruling on the Motion. In support, Plaintiff states as follows:

### I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed her Amended Complaint on September 25, 2025 [ECF No. 23], alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay minimum and overtime wages, and asserting related Florida law claims for breach of contract and unjust enrichment. On October 17, 2025, Defendants (proceeding *pro se* through Defendant Mark Carrie) filed a "Response Motion Opposing Plaintiff's Amended Complaint" [ECF No. 28] essentially seeking dismissal of the Amended Complaint on the basis that it "alleges several issues without any proof to

1

support the allegations." Plaintiff filed a Response on October 30, 2025 [ECF No. 32], pointing out that Defendants' *pro se* filing was procedurally improper and substantively deficient. In particular, Plaintiff noted that the corporate Defendant Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine ("Tipsee") cannot appear *pro se* and that the filing failed to comply with Rule 12's requirements by attempting to introduce factual disputes and defenses not appropriate on a motion to dismiss. Defendants' initial "Response Motion" presently remains pending before the Court.

Thereafter, on December 30, 2025, Defendants filed the present Motion to Dismiss pursuant to Rule 12(b) [ECF No. 41]. In this Motion – which was again filed by Mr. Carrie *pro se* (purportedly on behalf of both himself and Tipsee) – Defendants "heavily rely on well settled principles rooted in: the 'Unclean Hand[s] Doctrine' and the After-Acquired Evidence Doctrine" as grounds for dismissal. [*Id.* at 1]. Defendants' Motion asserts that Plaintiff engaged in misconduct (alleged theft from the cash register and related policy violations), that she purportedly "decided not to come back to work" on her own, and that such postulated facts should bar or reduce her recovery. Defendants have attached or referenced various exhibits outside the pleadings – including a written reprimand, a store policy acknowledgment, and a police report – in an effort to support these assertions. Plaintiff now responds to Defendants' Motion and shows that it should be denied in its entirety.

Allegations that Ms. Martin worked more than forty hours in one or more workweeks and was not paid at least the federal minimum wage of $7.25 per hour for all hours up to forty per workweek, and was not paid overtime compensation at one and one-half times her regular rate are sufficient to state plausible FLSA minimum wage and overtime claims. At this stage, Plaintiff is not required to disprove Defendants' factual accusations or litigate affirmative defenses. Therefore, Defendants' Motion is properly denied in full.

2

## II. LEGAL ARGUMENT

### A. The Motion is Procedurally Improper – Tipsee Cannot Appear *Pro Se.*

As an initial matter, the Motion remains procedurally defective to the extent it is brought on behalf of the corporate Defendant Tipsee. As detailed in Plaintiff's prior Response to Defendants' initial "Response Motion" [ECF No. 32], Rule 11(a) requires that every pleading or written motion be signed by at least one attorney of record, or if the party is unrepresented, by the party personally. A corporation, however, cannot appear *pro se*; it must act through licensed counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Therefore, a non-lawyer's signature on behalf of a corporation is ineffective, essentially rendering the corporate defendant's motion an "unsigned" paper. Rule 11 mandates that the Court "must strike an unsigned paper unless the omission is promptly corrected[.]" Fed. R. Civ. P. 11(a). Because the Motion was not signed by an attorney, it is not validly signed at all. No correction has been made. Accordingly, under Rule 11(a) the filing should be stricken or denied as to the corporate defendant. *See, e.g., Mayes v. J & J Green Paper, Inc.*, 2025 U.S. Dist. LEXIS 114058 (S.D. Fla. Jun. 9, 2025) (striking the corporate defendant's motion filed by its non-attorney owner/officer). This procedural defect, however, is ultimately academic, as the Motion fails on its merits for the reasons below.

### B. Defendants Identify No Valid Ground for Dismissal Under Rule 12(b).

Even putting aside the above procedural issues, Defendants' Motion falls far short of the standards for dismissal under Rule 12(b). A Rule 12(b) motion tests the legal sufficiency of the plaintiff's complaint and must assert one of the specific grounds enumerated in Rule 12(b)(1)-(6) (e.g., lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process or service, or failure to state a claim). *See* Fed. R. Civ. P. 12(b). Defendants' Motion, however, identifies no such cognizable ground. It does not contend that this Court lacks jurisdiction

3

or that venue or service is improper. And although styled as a motion under Rule 12(b), it nowhere argues that the Amended Complaint fails to state a claim upon which relief can be granted.

Instead, the Motion attempts to challenge the truth of Plaintiff's factual allegations and to advance what amount to affirmative defenses or justifications for Defendants' failure to pay the wages owed. For example, Defendants argue that Plaintiff was not paid because she engaged in theft and violated company policy, and they contend they have evidence (a video, policy documents, etc.) to support these assertions. But these are matters outside the four corners of the Complaint – effectively factual disputes and defenses – which are not proper grounds for dismissal under Rule 12(b)(6). *Crowell v. Morgan Stanley Dean Witter Services, Co.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000); *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

On a Rule 12(b)(6) motion, the Court must accept the well-pleaded allegations of the complaint as true, construing the allegations "in the light most favorable to the plaintiff." *Speaker v. United States HHS CDC & Prev'n*, 623 F.3d 1371, 1379 (11th Cir. 2010). The sole question is whether the complaint, on its face, states a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Eleventh Circuit Court of Appeals discussed in *Sec'y of Labor v. Labbe* that FLSA claims are not difficult or exacting to plead:

> Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008).

The Eleventh Circuit later clarified that stating a claim under the FLSA merely requires that "[t]he facts alleged in the complaint are plausible and raise a reasonable expectation that discovery

4

could supply additional proof of [Defendants'] liability." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012). Here, Plaintiff's Amended Complaint plainly meets that standard: it sets forth detailed factual allegations supporting each of her claims – including specific dates, hours worked, pay rates, and the amounts unpaid – more than satisfying the minimal pleading requirements.

Indeed, under Rule 8's notice-pleading regime, a complaint need only provide a "short and plain statement" of the claim, and need not attach evidence or exhibits to prove its allegations. Fed. R. Civ. P. 8(a); *Steward v. Int'l Longshoremen's Ass'n,* No. 3:16-cv-1194, 2018 U.S. Dist. LEXIS 222655, at *21 (M.D. Fla. Nov. 5 2018) ("submission of evidence is unnecessary at the pleading stage"), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 222666 (M.D. Fla. Dec. 3, 2018). The absence of affidavits or documents at the pleading stage is not a valid objection. Plaintiff is not obligated to prove her case in the complaint; rather, the Court assumes the truth of her factual allegations and asks whether those facts, if proven, would entitle her to relief. By that standard, Defendants' contention that Plaintiff "has no proof" at this juncture is simply irrelevant – lack of evidence is not a proper basis for dismissal. In short, Defendants have articulated no cognizable Rule 12(b) ground for dismissal. Their Motion is effectively a premature attempt to litigate the facts and assert defenses, which Rule 12 does not permit. The Motion can be denied on this basis alone.

**C. Plaintiff's Claims Are Legally Sufficient on Their Face.**

Because Defendants' Motion does not directly challenge the sufficiency of Plaintiff's allegations under Rule 12(b)(6), only a brief confirmation of the claims' adequacy is necessary. Instead, the motion appears to challenge the truth of Plaintiff's factual allegations and to advance what amount to affirmative defenses, denials, or explanations for Defendants' failure to pay the wages and damages claimed.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Here, Plaintiff's Amended Complaint clearly meets that standard – it sets forth detailed factual allegations of FLSA minimum wage and overtime violations, as well as breach of contract and unjust enrichment, against Defendants (including specific dates, pay rates, hours worked, and amounts unpaid). There is no suggestion in Defendants' motion that the Complaint is missing any required element or fails to give fair notice of the claims. In fact, the motion does not engage with the legal elements of Plaintiff's claims at all; it simply disputes the facts and offers defenses or denials (contending that Defendants did pay Plaintiff, that she wasn't entitled to certain wages, and that she was allegedly terminated for theft) — which cannot be adjudicated on a motion to dismiss unless they are apparent on the face of the complaint.

It is well settled that a plaintiff has no obligation to negate or rebut affirmative defenses in the complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a complaint need not anticipate or plead around potential defenses); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020). Consequently, a motion to dismiss generally cannot be based on an affirmative defense or factual dispute *unless* the complaint itself establishes the defense beyond doubt. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971-73 (2016). That is not the case here. Nothing on the face of the Amended Complaint suggests any absolute defense to Plaintiff's claims. For example, if Defendants believe they paid all wages due, that is a factual defense they must prove – the Amended Complaint certainly does not concede payment (to the contrary, it alleges non-payment). The Eleventh Circuit has made clear that dismissal under Rule 12(b)(6) on the basis of an affirmative defense is only appropriate "if an affirmative defense appears on the face of the complaint." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015). If the complaint does not conclusively show the existence of the defense, the issue must be raised later (e.g., at summary judgment or trial), not on a Rule 12(b) motion. Here, Defendants' factual contentions require

6

considering evidence outside the pleadings and resolving credibility – which the Court cannot do on a motion to dismiss.

Simply put, Defendants' Motion does not attack the legal sufficiency of Plaintiff's claims; it assumes the role of an Answer by denying allegations and asserting defenses. Under Rule 12, that is not a proper basis to "dismiss" the case. The Court should therefore refuse to dismiss any part of the Amended Complaint. At most, the filing by Defendant Carrie could be deemed an Answer and/or general denial of the Amended Complaint (by him individually). But under no circumstance does the motion justify any dismissal of Plaintiff's claims at the pleading stage. The motion should be denied to the extent it seeks dismissal under Rule 12(b).

**D.** <u>Unclean Hands and After-Acquired Evidence Do Not Warrant Dismissal.</u>

Defendants' primary argument is that Plaintiff's lawsuit should be dismissed due to the doctrines of "unclean hands" and "after-acquired evidence." They assert that Plaintiff acted inequitably (by stealing from the register and violating company policy) and that Defendants later discovered evidence of this misconduct, which they claim should bar or reduce any recovery. This argument is legally misplaced, procedurally improper, and provides no basis for dismissal at the pleading stage.

The defenses of unclean hands and after-acquired evidence require factual development and are not appropriate for resolution on a motion to dismiss. *Abramson v. 1 Glob. Cap., LLC*, 2015 U.S. Dist. LEXIS 181721, at *7-9 (S.D. Fla. Sep. 21, 2015). Ruling on a motion to dismiss Rule 12(b)(6), the Court's role is limited to assessing the sufficiency of the pleadings, not resolving disputed facts or adjudicating defenses. *See Speaker*, 623 F.3d at 1379. Moreover, it is well established that the equitable defense of unclean hands cannot bar an employee's FLSA claim. *See Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 801-04 (11th Cir. 2015) (citing *Allen v. Bd. Of Pub.*

7

*Educ.*, 495 F.3d 1306 (11th Cir. 2007) and *Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825 (5th Cir. 1973)). In short, alleged misconduct by the Plaintiff does not erase Defendants' obligation under the FLSA to pay for work already performed.

Even if equitable defenses could potentially apply, they are affirmative defenses that cannot justify dismissal at the Rule 12(b)(6) stage unless the facts establishing the defense appear on the face of the complaint. Here, nothing in Plaintiff's Amended Complaint suggests that she engaged in theft or any wrongdoing; those allegations come solely from Defendants' outside material. The operative Amended Complaint certainly does not "conclusively show" any affirmative defense like unclean hands. To the contrary, on the face of the pleading Plaintiff appears entitled to relief for unpaid wages, and her claims do not depend on any illicit conduct. Therefore, Defendants' unclean-hands theory cannot be adjudicated on a motion to dismiss – it would require factual determinations (e.g. whether Plaintiff actually stole money, the circumstances of her departure, etc.) that lie beyond the pleadings. At most, Defendants may attempt to prove such a defense at a later stage (e.g. on summary judgment or at trial), but it provides no basis for dismissal now. The Court must accept Plaintiff's well-pleaded allegations as true at this stage and cannot credit Defendants' contrary factual assertions or evidence.

Defendants' invocation of the after-acquired evidence doctrine does not save their Motion. The "after-acquired evidence" doctrine (as derived from employment discrimination cases) generally holds that if an employer discovers evidence of an employee's wrongdoing after the employee's termination, the employer may use that evidence to limit the remedies available – typically cutting off certain forms of relief as of the date the evidence was discovered. Critically, however, after-acquired evidence is not a complete defense to liability. The U.S. Supreme Court has made clear that such evidence cannot retroactively justify an unlawful act by the employer or absolve the

8

employer of a violation that already occurred; rather, it can at most affect the scope of relief (for example, foreclosing reinstatement or limiting backpay in a wrongful termination case). *See, e.g., McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360-63 (1995) (after-acquired evidence of employee misconduct does not bar the employee's claim, but may limit remedies).

Thus, to the extent Defendants argue that Plaintiff's claims should be dismissed outright because of after-acquired evidence, that argument misapprehends the doctrine. Even if Defendants ultimately prove that after-acquired evidence of theft exists, it would not warrant terminating the case – at most it might impact damages or remedies, and even then only from the point of discovery onward. Here, Plaintiff's claims are for wages earned before her separation, and the "after-acquired" evidence (the store video and related investigation) was obtained in mid-May 2025 – *after* the period for which Plaintiff seeks unpaid wages. In other words, Plaintiff is not seeking any post-termination damages (such as front pay or reinstatement) that could even be curtailed by after-acquired evidence. Her claims concern past due wages for work already completed. No application of the after-acquired evidence rule could eliminate Defendants' obligation to pay for those hours. At most, Defendants' allegations might be relevant to a set-off or counterclaim (if they contend Plaintiff's theft caused a loss), but that is a separate matter for litigation – it is not a ground for dismissing Plaintiff's well-pleaded wage claims.

Finally, it bears emphasis that Defendants' factual assertions regarding Plaintiff's conduct are hotly contested and far from established. Plaintiff has not admitted to any theft or policy violations; to the contrary, she maintains that she is owed wages for work she performed in good faith. Defendants' unilateral accusations – even if accompanied by some evidence – cannot be assumed true at this stage. The Court's role on a Rule 12(b)(6) motion is not to weigh evidence or decide who is truthful. Thus, even if Defendants' equitable and after-acquired evidence theories were legally

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

cognizable, they would be premised on factual determinations that cannot be made on the pleadings. Defendants will have the opportunity, in discovery and beyond, to attempt to prove their allegations about Plaintiff's conduct. But those allegations do not entitle Defendants to a preemptive dismissal of the case.

### E. Any Other Rule 12(b) Grounds Are Inapplicable.

Defendants' Motion makes passing reference to Rule 12(b) generally, but to the extent they intended to invoke any other subsection of Rule 12(b), no basis exists. The Court unquestionably has subject-matter jurisdiction over Plaintiff's FLSA claims (28 U.S.C. §1331) and supplemental jurisdiction over the state-law claims (28 U.S.C. §1367), so Rule 12(b)(1) is not implicated. There is no hint of any personal jurisdiction or venue issue (Defendants are Florida residents/corporation and the events occurred in this District), ruling out Rule 12(b)(2) and (3). Likewise, Defendants have never asserted insufficient process or service of process, and in fact they have actively participated in the case, so Rule 12(b)(4)-(5) are off the table. As discussed, the only plausible basis for the Motion is Rule 12(b)(6) (failure to state a claim), and Plaintiff's Complaint plainly states valid claims. In short, none of the Rule 12(b) provisions warrant dismissal here.

For all the foregoing reasons, Defendants' Motion is procedurally improper, legally unsupported, and relies on matters outside the pleadings that cannot be considered on a motion to dismiss. The Amended Complaint is sufficient on its face, and Defendants' various excuses or defenses must be raised (if at all) in an Answer and resolved on the merits, not as grounds for dismissal.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## III. CONCLUSION

Plaintiff respectfully requests that Defendants' Motion to Dismiss be **DENIED** in full. Defendants should be directed to file an Answer to the Amended Complaint within fourteen (14) days of the Court's Order on Defendants' Motion. A denial of the Motion is warranted because Plaintiff's Amended Complaint properly states claims for relief and none of the Rule 12(b) grounds for dismissal have been met. The Court should further note that the corporate Defendant Bis-Nik II Enterprises, Inc. must promptly obtain counsel and respond through counsel, as it cannot proceed *pro se*. Plaintiff also requests such other and further relief as the Court deems just and proper.

Ultimately, this case should be allowed to move forward to discovery and resolution on the merits. Defendants should not be permitted to evade answering the Amended Complaint or to escape judicial scrutiny of their wage-payment practices by way of an unfounded Rule 12(b) motion. The Motion to Dismiss should be denied in its entirety, and Defendants should be required to answer the Amended Complaint within fourteen (14) days.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the U.S. District Court's CM/ECF System this 13th day of January 2026, which will effect service on all who appear in this action, and served by U.S. Mail on Defendants (at the addresses where each was served with process in this action): Bis-Nik II Enterprises. Inc. d/b/a/ Tipsee Spirits, at 800 N.W. 183rd Street, Miami Gardens, Florida 33169; and Mark Carrie, at 3661 S.W. 163rd Avenue, Miramar, Florida 33027.

11

Respectfully submitted this 13th day of January 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
**FAIRLAW FIRM**
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*