UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
d/b/a TIPSEE SPIRITS & WINE
and MARK CARRIE,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION REQUESTING PERMISSION
## TO FILE ELECTRONIC VIDEO SECURITY CAMERA SURVEILLANCE

Plaintiff, Dominique Martin, by and through undersigned counsel, responds in opposition to Defendants' Motion Requesting Permission to File Electronic Video Security Camera Surveillance [ECF No. 42] ("Defendants' Motion"), and respectfully requests that the Motion be denied in its entirety. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

On December 30, 2025, Defendants Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine ("Tipsee") and Mark Carrie jointly filed a Motion requesting permission to file video surveillance footage as part of the record in this case. Although the Court has entered a Scheduling Order [ECF No. 37] and discovery is now open, the Motion remains legally and procedurally improper. Defendants seek to place video surveillance footage on the public docket without using any recognized procedural mechanism and without having served or disclosed the video through discovery. Their request is unsupported by legal authority and departs from the orderly process

1

established by the Federal Rules of Civil Procedure for exchanging and submitting evidence in civil litigation.

The Motion is further flawed in that it was filed *pro se* on behalf of both Defendants, including Tipsee—a corporate entity that is not permitted to appear in federal court without licensed counsel. Moreover, the video Defendants seek to submit has not been authenticated, lacks any evidentiary foundation, and was not submitted in connection with any dispositive motion or evidentiary proceeding. Allowing Defendants to inject raw, undisclosed material into the record outside the discovery process would unfairly prejudice Plaintiff and undermine the adversarial structure that governs the development of factual issues in litigation.

Each of these grounds supports denial of the Motion in its entirety, and the portion submitted on behalf of Tipsee should additionally be stricken as an unauthorized filing by a corporate party proceeding without counsel. For these reasons, and those further detailed below, the Court properly denies Defendants' Motion.

## II. LEGAL ARGUMENT

### A. Defendants' Motion Was Improperly Filed *Pro Se* by a Corporate Entity.

As a threshold matter, Tipsee's participation in filing the Motion was procedurally improper because the corporation has no counsel of record. The Motion was signed and submitted by Defendant Mark Carrie (the individual co-defendant and owner of Tipsee) on behalf of both Defendants, even though Mr. Carrie is not an attorney.

It is well-settled that a corporation or other artificial legal entity may not represent itself *pro se* in federal litigation; it must appear through an attorney. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). The Eleventh Circuit has repeatedly affirmed this principle. For example, in *Palazzo v. Gulf Oil Corp.*, the court reiterated

2

that "[t]he rule is well established that a corporation is an artificial entity that ... cannot appear *pro se*, and must be represented by counsel." 764 F.2d 1381, 1385 (11th Cir. 1985). In *Udoinyion v. Guardian Sec*, the Eleventh Circuit again confirmed that a "corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel." 440 F. App'x 731, 735 (11th Cir. 2011). This rule flows from 28 U.S.C. § 1654, which permits parties to plead and conduct their cases "personally or by counsel" in federal court – a statute long interpreted to allow only natural persons to appear *pro se*, not corporations. In short, Tipsee, as a corporate defendant, may not file motions or otherwise litigate in this Court without an attorney.

Here, Tipsee has attempted to act through its non-attorney owner, Defendant Mark Carrie, who signed and filed the Motion on Tipsee's behalf. Because Mr. Carrie is not a lawyer, his signature purporting to represent the corporation is ineffective and unauthorized. The Motion thus violates Federal Rule of Civil Procedure 11, which requires that every motion be signed by an attorney of record or by the party *personally* if unrepresented. Fed. R. Civ. P. 11(a). A non-lawyer's signature on behalf of a corporation carries no legal effect, essentially rendering the corporate defendant's motion an "unsigned" paper. Rule 11 explicitly mandates that a court "must strike an unsigned paper" if the omission of a proper signature is not promptly corrected. *Id.*

No counsel has appeared for Tipsee to cure this defect. Accordingly, the portion of Defendants' Motion submitted on behalf of Tipsee is a nullity and should be stricken or summarily denied on that basis alone. This Court routinely strikes or denies filings made by non-attorneys on behalf of companies in these circumstances. *See, e.g., Mayes v. J & J Green Paper, Inc.*, No. 1:25-cv-21291, 2025 U.S. Dist. LEXIS 114058 (S.D. Fla. June 9, 2025); *Vellar Holdings LLC v. USMPO LLC*, 2025 U.S. Dist. LEXIS 142700, at *3 (S.D. Fla. July 25, 2025). The same result is warranted here – the Motion cannot be entertained as to Tipsee unless and until that entity appears through

3

licensed counsel. If Tipsee wishes to participate in this litigation, it must promptly obtain counsel; otherwise, it risks default for failure to properly respond.

### B. The Federal Rules Provide No Basis for Filing Raw Video Evidence on the Docket Outside the Normal Discovery and Motion Procedures.

Beyond the issue of representation, Defendants' request to file video evidence on the public docket is procedurally unfounded. The Federal Rules of Civil Procedure set forth specific procedures and timing for exchanging and submitting evidence in a case, none of which authorize a party to unilaterally file evidentiary materials in the court record absent a proper purpose. Defendants' Motion cites no statute, rule, or precedent that would allow them to introduce a standalone video recording into the docket at this time (or at any time, absent proper context).

At present, this case remains at the pleading stage: Plaintiff has filed an Amended Complaint [ECF No. 23], and Defendants have filed a "Response Motion" [ECF No. 28] as well as a Rule 12(b) Motion to Dismiss [ECF No. 41] — neither of which have yet been decided. It is well-settled that a Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint and is not a vehicle for introducing evidence outside the pleadings. *See, e.g. Morford v. Cattelan*, No. 21-cv-20039, 2022 U.S. Dist. LEXIS 118967, at *3-4 (S.D. Fla. Jul. 6, 2022). If matters outside the pleadings (such as a video) are presented on a Rule 12 motion, the Court must either exclude them or treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Defendants did not style their request as a summary judgment motion, nor could they properly do so at this early stage. Thus, filing video evidence on the docket—independent of some underlying motion—would be entirely premature and improper.

Under the Federal Rules (and this Court's Local Rules), parties are expected to exchange relevant materials in discovery and only file discovery material with the Court if and when it is used

4

to support or oppose a motion, or for some other court-determined purpose. For instance, Fed. R. Civ. P. 26 governs the disclosure and discovery of evidence after the pleadings. Parties must serve initial disclosures (including identifying any relevant documents or things) and respond to discovery requests, thereby sharing evidence with the opposing side. Crucially, Rule 26 does not contemplate filing those materials with the Court at the time of exchange – they are to be produced to the other party, not docketed. In fact, Fed. R. Civ. P. 5(d)(1) explicitly provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses **must not be filed** until they are used in the proceeding..." (emphasis added). Consistent with this, the Local Rules of the Southern District of Florida state that discovery materials "shall not be filed until they are used in the proceeding or the court orders their filing[.]" S.D. Fla. L.R. 26.1(b). The rationale behind these rules is clear: the court's docket should not be cluttered with raw discovery or evidence in a vacuum, and evidence should be presented to the court only in the proper procedural context (such as on a motion for summary judgment under Rule 56, at trial, or where the evidence's consideration is necessary).

  Here, Defendants have not utilized any proper procedural mechanism to submit their video. The video has not been filed as part of a responsive pleading, nor as an exhibit to any dispositive motion (no summary judgment motion is before the Court), nor as part of any discovery notice or court-ordered proceeding. It was simply offered up for filing on the docket, by itself, which finds no support in the Federal or Local Rules. This attempted end-run around the discovery process is improper. Defendants now have every opportunity, with discovery open, to produce the video to Plaintiff in accordance with Rule 26 and any discovery requests Plaintiff serves. They may also list the video in their Rule 26(a) initial disclosures or in response to Plaintiff's discovery, thereby allowing Plaintiff to inspect the footage and prepare any necessary rebuttal or context. If, at a later stage,

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Defendants believe the video entitles them to relief, the appropriate course would be to file a Rule 56 motion for summary judgment (after giving Plaintiff a chance to conduct discovery on the issue) and attach the video as evidence, supported by a proper affidavit or testimony authenticating it. What Defendants cannot do, however, is thrust the video into the record now, without following any of these steps. Nothing in the Federal or Local Rules authorizes such a maneuver, and allowing it would violate the structured process those Rules establish.

Moreover, the Federal Rules are designed to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Permitting parties to file evidentiary material willy-nilly, outside of motions or trial, would contravene these principles. It invites chaos and unfairness by creating a one-sided presentation of "facts" before those facts have been vetted through discovery and the adversarial process. As this Court has observed, even *pro se* such as Mr. Carrie was when this Motion was filed) "are required to follow the Federal and Local Rules of Procedure." *Vellar Holdings LLC*, 2025 U.S. Dist. LEXIS 142700, at *10. Defendants' Motion flouts those rules by seeking to place evidence before the Court in a manner not contemplated by any procedural rule. The Court properly declines to depart from the regular order of proceedings.

C. Filing Unauthenticated Video Evidence Without Context Bypasses the Discovery Process and Prejudices Plaintiff.

Allowing Defendants to file the video at this stage would also be highly prejudicial and inappropriate because the video lacks any proper foundation or authentication, and Plaintiff has not yet had a fair opportunity to examine or challenge it. To be admissible as evidence, a video must be authenticated and introduced through a competent witness or affidavit, confirming that the footage is what its proponent claims it to be. *See* Fed. R. Evid. 901(a) (requiring "evidence sufficient to support a finding that the item is what the proponent claims it is" before evidence may be admitted).

6

Defendants here have provided no affidavit, no witness testimony, not even a description of how the video was obtained or who maintained the camera. In other words, there is no foundation for the Court to consider the video as evidence. Simply putting a video file on the docket (even if leave were granted) would not make it admissible or reliable. It would remain an unauthenticated piece of digital media, of which the Court cannot take cognizance in any meaningful way.

Equally important, Plaintiff has not received or reviewed the video to date. Defendants did not produce the video to Plaintiff alongside their Motion, nor have they served it as part of any Rule 26(a)(1) initial disclosures or in response to a discovery request. Plaintiff's first notice of this video's existence was Defendants' Motion itself, which described the video in conclusory terms but did not provide Plaintiff with the footage. Thus, granting Defendants leave to file the video would effectively sandbag the Plaintiff – placing potentially damaging material on the record without affording Plaintiff any prior access or ability to rebut it. This is the opposite of how discovery is supposed to function. The Federal Rules seek to avoid "trial by ambush" by requiring that parties exchange evidence in advance and give each other the opportunity to investigate and respond. Defendants' approach here would bypass those safeguards entirely. It would present the Court (and the public, via the docket) with one side's evidence in raw form, without context, explanation, or adversarial testing.

To allow such an early, *ex parte* evidentiary submission would undermine the orderly resolution of this case. Introducing evidence outside of the normal sequence – especially during this early stage of discovery – could likely cause unfair prejudice and confusion. The opposing party (here, Plaintiff) is left to speculate about the evidence's authenticity and relevance, and the Court is put in the position of seeing purported "evidence" that has not been subject to any scrutiny. This runs contrary to the notion of a fair process. For example, if Defendants believe the video shows

7

misconduct that is relevant to the claims or defenses, the proper course is to raise that issue through the pleadings (e.g., as an affirmative defense), through discovery, and ultimately through summary judgment or trial with the video properly introduced. Skipping straight to filing the video now, on a standalone basis, short-circuits all of those steps. It attempts to litigate facts by way of a unilateral submission rather than through the mutual exchange and testing of evidence.

Furthermore, filing the video on the public docket could cause unwarranted prejudice and reputational harm to Plaintiff before any judicial determination of its significance. Defendants allege the video shows Plaintiff "stealing" from her workplace, a serious accusation. Yet Plaintiff has not had the chance to contest that characterization, provide her own explanation, or even verify the content of the footage. If such an allegation is to be resolved, it should be in the context of the merits of the case (with both sides' evidence in play), not via an isolated, preemptive disclosure by Defendants. In short, Defendants should not be permitted to circumvent discovery and evidentiary rules in attempt to gain a tactical advantage and/or smear Plaintiff's character. The Court's role is to adjudicate disputes based on properly submitted motions and evidence, not to referee surprise filings of raw data.

For these reasons, the Court should refuse Defendants' request to file the video surveillance footage at this time. Defendants will not be harmed by a denial of their Motion – they remain free to produce the video to Plaintiff through discovery (if they have not done so already) and to later use it in support of or in opposition to an appropriate motion (for example, a motion for summary judgment) once a foundation has been laid and Plaintiff has had a chance to address it. What Defendants may *not* do is inject the video into the case on their own terms, on an undeveloped record, and without regard for the rules of procedure and evidence.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **DENY** Defendants' Motion Requesting Permission to File Electronic Video Security Camera Surveillance [ECF No. 42]. Plaintiff further requests that the Court **STRIKE** the Motion as an improper filing by a corporate party without counsel and as an unauthorized attempt to submit evidence outside of the procedures allowed by the Federal and Local Rules. Plaintiff also asks for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the U.S. District Court's CM/ECF System this 13th day of January 2026, which will effect service on all who appear in this action, and served by U.S. Mail on Defendants (at the addresses where each was served with process in this action): Bis-Nik II Enterprises. Inc. d/b/a/ Tipsee Spirits, at 800 N.W. 183rd Street, Miami Gardens, Florida 33169; and Mark Carrie, at 3661 S.W. 163rd Avenue, Miramar, Florida 33027.

Respectfully submitted this 13th day of January 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*