UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE
AND MARK CARRIE,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO DEEM SERVICE OF AMENDED COMPLAINT PERFECTED VIA SUBSTITUTED SERVICE THROUGH THE FLORIDA SECRETARY OF STATE

Plaintiff, Dominique Martin, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), Florida Statutes §§ 48.161 and 48.181, and applicable case law, respectfully moves this Court for entry of an Order deeming service of process perfected upon Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine ("Tipsee") and Mark Carrie, through substitute service on the Florida Secretary of State. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

After filing her Amended Complaint [ECF No. 23], Plaintiff undertook numerous diligent and good-faith efforts to personally serve both Defendants at their known residential and business addresses. Despite repeated attempts on varying dates and at different times of day, Defendants could not be personally served and failed to respond to contact notices left by the process server.

Based upon Defendants' concealment of their whereabouts and/or evasion of service, Plaintiff effected substitute service through the Florida Secretary of State pursuant to Florida Statutes §§ 48.161 and 48.181. The Secretary of State accepted substitute service on January 11, 2026. Plaintiff has fully complied with the statutory requirements for substitute service, and the Court properly finds that service is now deemed perfected.

## II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her Amended Complaint [ECF No. 23] in this action on September 25, 2025. Pluries Summonses were subsequently issued as to both Defendants [ECF No. 26, 27].

Plaintiff retained a certified process server to effect personal service of the Amended Complaint and Pluries Summonses. [*See* ECF Nos. 44-1, 44-2]. As detailed more fully in the Sworn Declaration of the undersigned attached hereto as Exhibit "A," between October 18, 2025 and December 19, 2025, Plaintiff made repeated and diligent attempts to serve Defendant Mark Carrie at his residential address and at the business address associated with Tipsee. Plaintiff likewise made repeated attempts to serve Tipsee through its registered agent and at its principal place of business.

Service attempts were made on multiple occasions and at varying times between approximately 9:00 a.m. and 8:00 p.m. During at least three service attempts, Mr. Carrie's personal vehicle, a Dodge Ram truck, was observed at both the residence and Tipsee's place of business, yet he refused to answer the process server or make himself available for service. [*See* ECF Nos. 44-1, 44-2]. Contact cards were left at the premises by the process server, but no response was ever received.

Returns of Non-Service were filed with the Court. [ECF Nos. 44-1, 44-2]. Despite repeated, good-faith, and diligent efforts, Plaintiff was unable to personally serve either Defendant with the Amended Complaint.

As further described in Exhibit "A," the pattern of failed service attempts, the presence of Mr. Carrie's vehicle during attempted service, and the complete lack of response to contact notices demonstrate that Defendants were concealing their whereabouts and/or evading service.

After exhausting reasonable efforts to effect personal service, Plaintiff proceeded with substitute service pursuant to Florida Statutes §§ 48.161 and 48.181. [*See* ECF Nos. 40, 45]. On January 5, 2026, Plaintiff submitted requests for substitute service through the Florida Department of State. [*See* Ex. A ¶¶ 16-18; *see also* Florida DOS Submission Confirmations, attached hereto as Exhibits "B" and "C"]. The Florida Secretary of State accepted substitute service for both Defendants on January 11, 2026. [*See id.*]

On January 13, 2026, Plaintiff mailed, via certified mail, copies of the Amended Complaint, the summonses issued for service upon the Secretary of State, and the Notices of Acceptance to Defendants at the residential address previously used for service and believed to be Mr. Carrie's current residence, as required by § 48.161. [*See* January 13, 2026 Letters to Defendants, attached hereto as Exhibits "D" and "E"]. Plaintiff's compliance with these statutory mailing requirements is detailed in the Sworn Declaration of the undersigned attached hereto as Exhibit "A."

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A) permit service of process in accordance with the law of the state in which the district court sits. Fed. R. Civ. P. 4(e)(1) and

4(h)(1)(A); *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938 (11th Cir. 1995). Florida Statutes §§ 48.161 and 48.181 authorize substitute service on the Secretary of State when a defendant is a nonresident, when a resident conceals his or her whereabouts, or when a corporation cannot be served after the exercise of reasonable diligence. Fla. Stat. §§ 48.161 and 48.181 (2025).

To perfect substitute service under Section 48.161, a plaintiff must serve the Secretary of State, send notice of such service and a copy of process to the defendant by certified or registered mail, and file an affidavit of compliance. Fla. Stat. § 48.161(3) (2025); *Lynch v. Bailey-Roka*, No. 22-cv-14338, 2023 U.S. Dist. LEXIS 63767, at *4-5 (S.D. Fla. 2023). This Court recognizes that where a defendant is evading service, strict proof of receipt of the notice, such as a signed return receipt, is not required. *See id.* ("However, because Defendant Holzknecht appears to be evading service … Plaintiffs are not required to file the return receipt from Defendant but are still required to send notice to the defendant via certified mail that substitute service has been effectuated through the Secretary of State.")

### IV.  ARGUMENT

The undersigned's Sworn Declaration attached as Exhibit "A" establishes that Plaintiff exercised more than reasonable diligence prior to resorting to substitute service. Multiple attempts were made at multiple addresses, on different dates, and at varying times of day. The process server observed Mr. Carrie's vehicle present during service attempts, yet no one answered the door and no response was ever made to contact notices. These facts demonstrate concealment and/or evasion of service within the meaning of Florida Statutes §§ 48.161 and 48.181.

The Declaration further establishes that Plaintiff properly invoked substitute service through the Florida Secretary of State, that the Secretary of State accepted service on January 11,

2026, and that Plaintiff mailed the required statutory notice and copies of process via certified mail. Plaintiff has filed the required sworn declaration of compliance in accordance with § 48.161.

All statutory prerequisites have therefore been satisfied. Accordingly, substitute service was properly effected and service of process should be deemed perfected as of January 11, 2026.

## V.  CONCLUSION

Plaintiff respectfully requests that this Court enter an Order finding that substitute service of process upon the Florida Secretary of State was properly effected pursuant to Florida Statutes §§ 48.161 and 48.181, deeming service of process perfected upon Defendants Mark Carrie and Bis-Nik II Enterprises, Inc. as of January 11, 2026, recognizing Exhibit "A" as Plaintiff's Affidavit of Compliance, and granting such further relief as the Court deems just and proper.

Respectfully submitted this 14th day of February 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Miami, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
