UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

    Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE
AND MARK CARRIE,

    Defendants.
_____/

## DECLARATION OF PATRICK BROOKS LAROU, ESQ. PURSUANT TO 28 U.S.C. § 1746 AND FLA. STAT. § 48.161

I, Patrick Brooks LaRou, Esq., make the following declaration pursuant to 28 U.S.C. § 1746 and Florida Statute § 48.161, and under penalty of perjury state as follows:

1. I am over the age of eighteen and am counsel of record for Plaintiff, Dominique Martin, in this action. I have personal knowledge of the facts stated herein.

2. I submit this Declaration in support of Plaintiff's Motion to Deem Substituted Service Perfected pursuant to Florida Statutes §§ 48.161 and 48.181 (the "Motion").

**A.**    **Background**

3. Plaintiff filed her Amended Complaint on September 25, 2025. [ECF No. 23].

4. The Clerk of this Court issued Pluries Summonses on October 14, 2025 to be served on Defendants along with the Amended Complaint. [ECF Nos. 26, 27].

1

5. The undersigned firm retained Joseph Onega of Miami PSPI, LLC, a certified process server, to effect service of the Amended Complaint and Pluries Summonses upon Defendants Mark Carrie and Bis-Nik II Enterprises, Inc. d/b/a TipSee Spirits & Wine ("Tipsee").

**B.    Diligent Attempts to Serve Defendants**

6. Following multiple service attempts, I received and reviewed the executed Returns of Non-Service from Plaintiff's process server, which were filed with the Court at ECF Nos. 44-1 and 44-2.

7. The Returns of Non-Service reflect that between October 18, 2025 and December 19, 2025, the process server attempted service on Defendants at least seven times, at both 3661 S.W. 163 Avenue, Miramar, Florida 33027 (Mark Carrie's residential address, where he was last served with the original Complaint), and at 800 N.W. 183rd Street, Miami Gardens, Florida 33169 (Tipsee's place of business).

8. The process server's Returns of Non-Service further reflect that service was attempted on multiple dates and at varying times of day.

9. According to the Returns of Non-Service, on October 21, 2025, while attempting service at the residential address, the process server reported that an individual looked through the door but did not answer, and that the process server left their contact card.

10. The Returns of Service further reflect that on a subsequent attempt, the previously left contact card had been removed.

11. The Returns of Non-Service also indicate that a vehicle identified by Plaintiff as belonging to Mark Carrie, a Dodge Ram truck, was observed during multiple service attempts at both the residential address and Tipsee's business address.

2

12. With respect to the business address, the Returns of Non-Service reflect that the process server requested to speak with Mark Carrie or an employee of Tipsee, and was told that Mr. Carrie was not present and to return at another time—although Plaintiff's process server reported that the same Dodge Ram truck identified as belonging to Mr. Carrie was parked in front of the business during this attempt.

13. Plaintiff's process server reported that, despite at least seven service attempts at both the residential and business addresses, the process server was unable to effect service.

14. Based upon my review of the Returns of Non-Service and communications with the process server's office confirming that multiple attempts had been made at different times and locations, I concluded that reasonable and diligent efforts to effect personal service had been exhausted.

15. Based upon the information reported by the process server, including the repeated attempts at both addresses and the reported circumstances of the attempts, it appeared that Defendants were not making themselves available for service and/or evading service.

**C.** **<u>Substitute Service Through the Secretary of State</u>**

16. After determining that personal service could not be effected despite diligent efforts, I proceeded with substitute service pursuant to Florida Statutes §§ 48.161 and 48.181.

17. On January 5, 2026, the office of the undersigned utilized the Florida Department of State's online portal (https://online-sop.sunbiz.org/) to submit its request for substituted service on Defendant via the Secretary of State. *See* Florida DOS Submission Confirmations, submitted as Exhibits "B" and "C" to Plaintiff's Motion.

18. The Florida Secretary of State accepted substitute service on behalf of both Defendants on January 11, 2026. *See id.*

3

19. On January 13, 2026, I mailed copies of the Amended Complaint, the summonses issued for service upon the Secretary of State, and the Notices of Acceptance from the Secretary of State to Defendants via certified mail, in compliance with Florida Statute § 48.161. *See* January 13, 2026 Letters to Defendants, submitted as Exhibits "D" and "E" to Plaintiff's Motion.

**D.  Compliance With Florida Law**

20. Plaintiff has served Defendants through the Secretary of State as described above.

21. Plaintiff has mailed Defendants notice of such service and copies of process by certified mail.

22. This Declaration is filed in compliance with Florida Statute § 48.161.

23. Accordingly, substitute service has been properly effected and service of process is perfected as to both Defendants.

FURTHER DECLARANT SAYETH NAUGHT.

## DECLARATION

Under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct to the best of my knowledge and belief.

Executed and filed this 14th day of February 2026.

> s/ Patrick Brooks LaRou
> Patrick Brooks LaRou, Esq.
> Florida Bar No. 1039018
> brooks@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, Florida 33146
> Telephone: (305) 230-4884
> *Counsel for Plaintiff*

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*