UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

      Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE
and MARK CARRIE,

      Defendants.

_____/

## PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff, Dominique Martin, through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 7.1, and other applicable Rules and laws, requests that the Court extend the parties' deadline to complete discovery based on the following good cause:

### I.   Relevant Procedural History

1.      On May 16, 2025, Plaintiff filed her two-count Complaint for unpaid minimum and overtime wages under the Fair Labor Standards Act. [ECF No. 1].

2.      Defendant Mark Carrie was served with the Summons and Complaint on June 17, 2025. [ECF No. 6]. After failing to timely respond, the Clerk entered default against him. [ECF No. 8].

3.      Defendant Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine ("Tipsee") was served on August 14, 2025. [ECF No. 9]. The Clerk likewise entered default after Tipsee failed to respond. [ECF No. 12].

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

4.      Plaintiff thereafter sought and obtained leave to amend her Complaint to add claims for breach of contract and unjust enrichment against Tipsee. [ECF Nos. 21-23].

5.      On October 14, 2025, the Clerk issued Pluries Summonses for service of the Amended Complaint. [ECF Nos. 26-27].

6.      Prior to service of the Amended Complaint, Defendant Mark Carrie filed several *pro se* motions in this action, purportedly on behalf of both himself and Tipsee, although Mr. Carrie is not a licensed attorney. [See ECF Nos. 28, 41, 42]. However, because Tipsee is a Florida corporation that must appear through counsel, the Court entered its Paperless Order [ECF No. 49] directing Tipsee to retain counsel by February 23, 2026.

7.      On October 22, 2025, the Court entered its Paperless Order [ECF No. 30] requiring, *inter alia*, that the parties file their Joint Scheduling Report within ten days thereof, and file their Certificates of Interested Parties within fifteen days from the date the last Defendant entered an appearance in this case.

8.      Because neither Defendant had retained counsel at that time, Plaintiff's undersigned counsel attempted to contact Defendant Mark Carrie directly to coordinate the filing of the parties' Joint Scheduling Report, but received no response. [*See* ECF No. 31 at ¶¶ 8-10].

9.      As a result of Mr. Carrie's failure to respond to these conferral attempts—and his failure to provide a current phone number or email address in his filings with the Court—Plaintiff filed a Motion for Extension of Time to file the Joint Scheduling Report on October 30, 2025. [ECF No. 31].

10.     The Court entered its Order on Plaintiff's Motion for Extension on November 11, 2025 [ECF No. 33], permitting Plaintiff to file the Joint Scheduling Report unilaterally if the Defendants were unresponsive to continued conferral attempts.

2

11.     Defendants failed to comply with the Court's order requiring them to file their Certificate of Interested Parties within fifteen days of their first appearance in this case. As a result, the Court entered a Paperless Order to Show Cause on November 12, 2026. [ECF No. 34]. Defendants did not respond.

12.     Given Defendant Mark Carrie's continued failure to respond to Plaintiff's repeated conferral attempts, Plaintiff then filed the Joint Scheduling Report unilaterally on November 21, 2025, as directed by the Court. [ECF No. 36].

13.     On November 26, 2026, the Court entered its Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures [ECF No. 37], setting March 15, 2026 as the parties' deadline to complete discovery in this case.

14.     Plaintiff's counsel then attempted again on multiple occasions to contact Defendant Mark Carrie at his last know telephone number to schedule mediation and coordinate Mr. Carrie's deposition. However, Mr. Carrie did not respond to these efforts and Plaintiff was unable to schedule or conduct Mr. Carrie's deposition.

15.     On February 11, 2026, the Court held a hearing on all pending motions in this case. Defendants failed to appear. [*See* ECF No. 49].

16.     On February 23, 2026, Ralph Kenol, Esq. appeared as counsel for Defendants. [ECF No. 51].

17.     Immediately following Mr. Kenol's appearance in this case, Plaintiff's undersigned counsel contacted Mr. Kenol to coordinate mediation and the deposition of Defendant Mark Carrie, both individually and as corporate representative of Tipsee under Federal Rule of Civil Procedure 30(b)(6).

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

18.     Despite Mr. Carrie's failure to respond to repeated conferral attempts and Defendants' counsel's late appearance in this case, the parties were nevertheless able to coordinate mediation to occur on March 16, 2026—prior to the deadline set by the Court's scheduling order. [*See* ECF No. 56].

19.     However, Defendants' counsel represented that he and Mr. Carrie are unavailable for Mr. Carrie's deposition until the week of March 30 through April 4, 2026—after the current discovery deadline.

20.     Accordingly, Plaintiff respectfully requests a brief thirty-day extension of the discovery deadline, from March 16, 2026 to April 15, 2026, to allow sufficient time to complete the deposition of Defendant Mark Carrie, both individually and as the corporate representative of Tipsee pursuant to Federal Rule of Civil Procedure 30(b)(6), which is a critical discovery event in this action.

## II. Good Cause for Extension

21.     Good cause exists to extend the discovery deadline in this case.

22.     The circumstances necessitating the requested extension were largely outside of Plaintiff's control. For several months, Defendants were unrepresented and Defendant Mark Carrie did not respond to Plaintiff's repeated attempts to coordinate discovery or provide reliable contact information. After Defendants' counsel finally appeared in this action on February 23, 2026, Plaintiff promptly initiated discussions to coordinate mediation and Mr. Carrie's deposition. However, due to the limited time remaining before the discovery deadline and Mr. Carrie's scheduling availability, the deposition cannot reasonably be completed before the current discovery deadline.

4

23.     Plaintiff has acted diligently in attempting to move discovery forward, including repeatedly attempting to contact Defendant Mark Carrie to coordinate the Rule 26(f) conference, mediation, and his deposition.

24.     These efforts were unsuccessful for several months because Defendants had not retained counsel and Defendant Mark Carrie did not respond to Plaintiff's conferral attempts or provide reliable contact information in his *pro se* filings.

25.     Defendants did not obtain counsel until February 23, 2026, when Ralph Kenol, Esq. filed his Notice of Appearance.

26.     Immediately thereafter, Plaintiff's counsel contacted Mr. Kenol to coordinate mediation and the deposition of Defendant Mark Carrie, both individually and as corporate representative of Tipsee pursuant to Federal Rule of Civil Procedure 30(b)(6).

27.     The requested extension will allow the parties to complete Mr. Carrie's deposition, which is a critical discovery event in this action.

28.     The requested extension is modest, will not prejudice any party, and will not affect any other pretrial deadlines, require the continuance of trial, or otherwise interfere with the orderly progress of this case.

29.     Conversely, Plaintiff will suffer prejudice if she is unable to conduct Mr. Carrie's deposition, as his testimony—both individually and as Tipsee's corporate representative—is central to the claims and defenses in this case and necessary for Plaintiff's preparation for trial.

### III.    Legal Basis and Requested Relief

30.     Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the Court's consent. Courts routinely find good cause where,

5

despite diligent efforts, the parties are unable to complete critical discovery within the existing schedule.

31.     The requested extension is supported by good cause. Plaintiff has diligently attempted to comply with the Court's directives but was unable to coordinate necessary discovery until Defendants retained counsel and Ralph Kenol, Esq. filed his Notice of Appearance. Prior to that time, Plaintiff's efforts were unsuccessful due to Defendant Mark Carrie's lack of responsiveness and the absence of any contact information in his *pro se* filings.

32.     Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997).

33.     This Motion is filed before the expiration of the current discovery deadline.

34.     Accordingly, Plaintiff respectfully requests that this Court extend the deadline to complete discovery from March 16, 2026 to April 15, 2026 to permit the deposition of Defendant Mark Carrie, individually and as the corporate representative of Tipsee, and grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred in good faith with counsel for Defendants regarding the relief requested in this Motion and that Defendants do not oppose the relief requested herein

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Respectfully submitted this 13th day of March 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave, Suite 770
Coral Gables, FL 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

7