UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

      Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE AND
MARK CARRIE,

      Defendants.

_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff, Dominique Martin ("Plaintiff"), and Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie ("Defendants"), (collectively, the "Parties") hereby file this Joint Motion to Approve FLSA Settlement pursuant to the Court's Order entered March 17, 2026 [ECF No. 59], as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.      Plaintiff filed her Amended Complaint in which she asserts claims against both Defendants for unpaid minimum wages and unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Florida state law claims against the corporate Defendant for breach of contract and unjust enrichment. [ECF No. 15].

2.      Defendants filed their Answers and Affirmative Defenses, wherein they admitted to employing the Plaintiff, but otherwise denied liability to Plaintiff. [ECF No. 54].

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

3.      In the Joint Scheduling Report filed with this Court, Plaintiff estimated that she was owed $1,616.83 in unpaid overtime wages and $1,200.00 in straight-time wages, plus additional equal amounts as liquidated damages. [ECF No. 36].

4.      The Parties attended mediation with Stanley Zamor on March 16, 2026, during which the parties resolved Plaintiff's claims. [ECF Nos. 56, 58].

5.      The Parties reduced their agreement to a written Settlement Agreement, which the parties negotiated and signed, a copy of which is attached hereto as Exhibit "A" (the "Settlement Agreement"). In the Settlement Agreement, Defendants denied liability to Plaintiff but agreed that Plaintiff is the prevailing party and entitled to recover her reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), with the amounts to be determined by the Court.

6.      Pursuant to the Parties' Settlement Agreement (Exhibit "A"), Plaintiff will receive the full amount of her claimed damages: the full amount of the overtime wages ($1,616.83), the full amount of the straight-time wages ($1,200.00), plus an equal amount as liquidated damages ($2,816.63), for a total settlement payment of $5,633.26. Plaintiff's recovery was not reduced or compromised in any way. The settlement amount will be paid by Defendants in five monthly installments beginning April 15, 2026, and Plaintiff's attorneys' fees and costs are to be determined separately by the Court. The Parties have agreed that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement for a period of 280 days from the date of the Court's order approving this settlement.

## **<u>MEMORANDUM OF LAW</u>**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

**(1)    *There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as both Parties were represented by counsel experienced in FLSA claims, and the settlement was negotiated at a Mediation conducted by Stanley Zamor on March 16, 2026. Moreover, the fact that Plaintiff is receiving the full amount of her claimed damages demonstrates that the settlement reflects a genuine resolution of disputed claims rather than any overreaching by Defendants.

**(2)    *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in

this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each Party's resources.

(3)     *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The Parties analyzed their records, including Plaintiff's time and pay records. The Plaintiff sent discovery requests to the Defendants, and after participating in a mediation, the Parties resolved Plaintiff's claims for overtime wages, straight time wages, and liquidated damages.

(4)     *The Probability of Success on the Merits Supports Settlement.*

The Parties disagree about the merits of Plaintiff's claims and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. However, under the terms of the proposed settlement, Plaintiff will receive the entire amount that she claims in this case— 100% of her damages plus 100% of liquidated damages as set forth in the Joint Scheduling Report [ECF No. 36]—demonstrating that Defendants recognize the strength of Plaintiff's claims. Accordingly, settlement eliminates the risks, costs, and uncertainty associated with continued litigation for both Parties while providing Plaintiff with full recovery.

(5)     *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the time and cost that it would take for Plaintiff to recover a final judgment against Defendants. Plaintiff is receiving the maximum amount she claimed, which represents the upper end of her range of possible recovery.

**(6)**     ***Counsel Agree That The Settlement Is Fair.***

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the proposed settlement reached by the Parties and reflected in Exhibit "A" represents a fair and reasonable settlement of Plaintiff's claims. Critically, Plaintiff's counsel certifies that Plaintiff's recovery was not adversely affected by the negotiation of attorneys' fees, as Plaintiff is receiving 100% of her claimed damages and liquidated damages, with her attorneys' fees and costs to be determined separately by the Court pursuant to 29 U.S.C. § 216(b).

## CONCLUSION

Given that the settlement is fair and reasonable on its face, arrived at during a mediation, and that Plaintiff will receive the full amount of her claimed damages ($1,616.83 in overtime wages and $1,200.00 in straight-time wages) plus an equal amount as liquidated damages ($2,816.63), with her attorneys' fees and costs to be determined separately by the Court, Plaintiff and Defendants respectfully request that the Court enter an Order:

(a)   Approving the Settlement Agreement as fair and reasonable;

(b) Retaining jurisdiction to determine the reasonable attorneys' fees and costs to award Plaintiff as the prevailing party in the Lawsuit under 29 U.S.C. § 216(b);

(c) Retaining jurisdiction to enforce the terms of the Settlement Agreement for a period of 280 days from the date of this Court's Order approving the settlement;

(d) Setting a deadline for Plaintiff to file her motion for attorneys' fees and costs (Plaintiff respectfully requests 7 days from the date of the Order approving settlement);

(e) Staying final dismissal of this action pending the Court's determination of attorney's fees and costs; and

(f)   Awarding such other relief as is just and appropriate.

Respectfully submitted this 17th day of April 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

s/ Ralph Kenol
Ralph Kenol, Esq.
Florida Bar No.: 487831
rk@ralphkenolpa.com
RALPH KENOL & ASSOCIATES, P.A.
1940 Harrison Street, Suite 304
Hollywood, Florida 33020
Telephone: (754) 816-8058
*Counsel for Defendants*

---

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm