'UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOMINIQUE MARTIN,

     Plaintiff(s)

                                                  CASE NO: 1:25-CV-22267

v.

BIS-NIK II ENTERPRISES, INC.
d/b/a TIPSEE SPIRITS & WINE and
MARK CARRIE

     Defendant(s),

_____/

## MEDIATION SETTLEMENT AGREEMENT

The undersigned signatories, having mediated with Stanley Zamor hereby agree that all matters arising out of the above referenced case are resolved as follows:

1. Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, shall pay to Plaintiff, Dominique Martin, jointly and severally, the amount of $5,633.26 ($2,816.63 as unpaid wages, and $2,816.63 as liquidated damages).

    a. The settlement amount shall be paid in five (5) monthly installments.

    b. The first installment shall be due on or before April 15, 2026.

    c. The remaining installments shall be due every thirty (30) days thereafter until the settlement amount is paid in full.

2. Except as to Plaintiff's claim for attorneys' fees and costs to be awarded by the Court, each party shall otherwise bear their own attorneys' fees and costs, the cost of mediation shall be divided equally between all parties; all matters discussed at the mediation conference including pre- and post-mediation communications shall remain privileged and confidential; the Court shall retain jurisdiction to enforce the terms of this settlement agreement.

3. Additional terms: No admission of liability by the Defendants; mutual general release of all claims; mutual non-disparagement as between Defendant Mark Carrie and Plaintiff; Defendants to provide Plaintiff with a neutral employment reference (limited to dates worked and position(s) held); stipulation that Plaintiff is the prevailing party in this case, entitled to recovery of reasonable attorneys' fees and costs; all settlement payments shall be delivered to Plaintiff's counsel, FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, on or before the payment dates set forth above; Defendants shall have a three (3) day cure period in the event any payment is not timely made, after written notice of default from Plaintiff's counsel; if Defendants fail to cure the default within such three (3) day period, the entire remaining balance of the settlement amount shall immediately become due and payable; Defendants shall not assert any defense to nonpayment of the settlement amounts except proof that the required payment was made in accordance with this Agreement; the Court shall retain jurisdiction to enforce the Settlement Agreement for a period of 280 days from the date of the Court's order approving the settlement; and the Action shall be dismissed with prejudice after Defendants have completed all settlement payments required under the Settlement Agreement and the Court has entered an order awarding Plaintiff reasonable attorneys' fees and costs.

Executed and agreed on _____.

**SIGNATURES**

On behalf of MArk D. Carrie

Signed by:

Dominique Martin
~~1B46F20F622B48C...~~
Plaintiff

Signed by:

Mark Carrie
~~20E3153C0DD6404...~~
Defendant

P. Brooks LaRou

Signed by:

P. Brooks LaRou
BCED5C94F2AB4E5...

Ralph Kenol

DocuSigned by:

Ralph kenol
20E3153C0DD6404...