UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-22267-BECERRA/TORRES

DOMINIQUE MARTIN,

      Plaintiff,

vs.

BIS-NIK II ENTERPRISES, INC.
D/B/A TIPSEE SPIRITS & WINE
AND MARK CARRIE,

      Defendants.

_____/

**PLAINTIFF'S VERIFIED MOTION
FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Dominique Martin, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 54, Local Rule 7.1, and 29 U.S.C. §216(b), requests that the Court enter an Order awarding reasonable attorneys' fees and costs from Defendants, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine and Mark Carrie, jointly and severally. The parties reached a settlement whereby Plaintiff recovered 100% of her claimed unpaid wages and liquidated damages, totaling $5,633.26, and the parties expressly stipulated that Plaintiff is the prevailing party entitled to recover reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b). Plaintiff seeks attorneys' fees of $38,754.00 and costs of $1,904.47, as detailed in the attached exhibits.

**I. FACTUAL AND PROCEDURAL HISTORY**

1. Plaintiff filed her Complaint against Defendants, alleging that they failed to pay her minimum wages and overtime wages in violation of the requirements imposed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* [ECF No. 1].

2.     Plaintiff served Defendant, Mark Carrie, with the Summons and Complaint on June 17, 2025. [ECF No. 6].

3.     Plaintiff then served Defendant, Bis-Nik II Enterprises, Inc. d/b/a Tipsee Spirits & Wine, with the Summons and Complaint on August 14, 2025. [ECF No. 9-1].

4.     Defendants failed to timely respond to the Complaint, and the Clerk entered Defaults against Defendant, Mark Carrie, on July 14, 2025, and against Defendant, Bis-Nik II on September 11, 2025, upon Plaintiff's request/motion. [ECF Nos. 7, 8, 10, 12].

5.     Plaintiff then sought leave from the Court to file her Amended Complaint on September 25, 2025, to add claims for the "gap time" wages owed but not paid for her final two weeks of work, which the Court granted. [ECF Nos. 21-23].

6.     Defendant, Mark Carrie, filed a *pro se* response to the Amended Complaint, followed by a Motion requesting the Court's permission to file surveillance footage, on December 30, 2025. [ECF Nos. 41, 42].

7.     Plaintiff was unable to personally serve Defendants with the Amended Complaint, despite her diligent efforts, and so effected service on Defendants through the Florida Secretary of State on January 11, 2026. [ECF No. 50].

8.     Plaintiff's counsel appeared before the Court at a hearing held on February 11, 2026, at which time the Court directed Defendant, Bis-Nik II Enterprises, Inc., to retain counsel, and denied the relief requested by the Defendants, while also indicating that the Court would not further extend the deadline to conduct discovery. [ECF No. 49].

9.     Then, on February 23, 2026, counsel appeared for the Defendants. [ECF No. 51].

10. Defendants filed their Answer and Affirmative Defenses on February 28, 2026 [ECF No. 54], after which Plaintiff propounded discovery requests upon Defendants, including Requests for Production and Interrogatories.

11. The parties attended mediation with Stanley Zamor, Esq., on March 16, 2026, during which they reached a settlement of Plaintiff's claims that would result in a monetary payment to the Plaintiff and resolved Plaintiff's entitlement to recover attorney's fees and costs from the Defendants, with the amount to be determined by the Court. [ECF Nos. 56, 58].

12. Pursuant to the Settlement Agreement, Plaintiff recovered the full amount of the overtime wages ($1,616.83), the full amount of the "gap time" wages ($1,200.00), and liquidated damages ($2,816.63) identified in the Joint Scheduling Report [ECF No. 36], for a total settlement payment of $5,633.26, representing 100% of her claimed damages. [ECF No. 60-1].

13. In the Settlement Agreement, Defendants expressly stipulated and agreed that Plaintiff is the prevailing party in this action under the FLSA and is entitled to recovery of reasonable attorneys' fees and costs from Defendants pursuant to 29 U.S.C. §216(b), with the amount (but not entitlement) to be determined by the Court. [ECF No. 60-1].

14. The parties filed their Joint Motion to Approve FLSA Settlement [ECF No. 60], which the Court has granted [ECF No. 61], requesting the Court to approve their settlement as fair and reasonable and to retain jurisdiction to determine Plaintiff's reasonable attorneys' fees and costs.

15. Plaintiff's recovery was not adversely affected by the parties' settlement of this case, as the settlement amount represents 100% of her claimed damages, with fees and costs to be determined separately by the Court.

16.     The undersigned's contemporaneous time records and cost documentation are attached hereto as Exhibits "A" and "B."

## II. MEMORANDUM OF LAW

**A.     Plaintiff Is Entitled To Her Fees And Costs As The Prevailing Party.**

There can be no dispute that Plaintiff is the prevailing party and entitled to recover her attorney's fees and costs from the Defendants. First, the parties stipulated that Plaintiff is the "prevailing party" and entitled to recover her attorneys' fees from Defendants in this case. [*See* ECF No. 60-1]. The parties reached a settlement and entered into a Settlement Agreement pursuant to which Defendants expressly stipulated as follows: "Plaintiff is the prevailing party in this case, entitled to recovery of reasonable attorneys' fees and costs[.]" *Id.*

Plus, Plaintiff recovered the full amount of her claimed damages—100% of the overtime wages ($1,616.83), 100% of the straight-time wages ($1,200.00), and an equal amount as liquidated damages ($2,816.63), for a total settlement payment of $5,633.26. *Id.* Defendants' express stipulation that Plaintiff is the prevailing party, coupled with Plaintiff's complete recovery, establishes her status as the prevailing party beyond any doubt.

1.     Plaintiff is entitled to her attorney's fees and costs under the FLSA.

"A plaintiff is a prevailing party entitled to attorneys' fees when he receives a judgment on the merits or a consent decree." *Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 885 (2001); and *Hanrahan v. Hampton*, 446 U.S. 754, 756-57, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980)). Under the FLSA, the award of attorneys' fees to prevailing plaintiffs is mandatory, as the statute provides that the court "shall" award reasonable attorneys' fees and costs. 29 U.S.C. §216(b).

2.     <u>Plaintiff is entitled to recover her fees and costs under Florida law.</u>

Additionally, as the prevailing party in this action for unpaid straight-time and overtime wages, Plaintiff may recover attorneys' fees and costs under Florida Statute, Section 448.08. Under Section 448.08, "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08 (2025). Florida courts "broadly construe[] wages within the meaning of § 448.08 to include all compensation paid by an employer for the performance of service by an employee." *Short v. Bryn Alan Studios, Inc.*, 2008 U.S. Dist. LEXIS 423908, at *8 (M.D. Fla. May 28, 2008) (collecting cases). "Wages" include breach of contract damages for back pay, such as those claimed by Plaintiff. *Coffie v. District Bd. of Trustees*, 739 So. 2d 148, 149 (Fla. 3d DCA 1999).

The Eleventh Circuit Court of Appeals has held that settlement agreements can serve as a basis for an award of attorneys' fees when the court approves the settlement and retains jurisdiction to enforce it, as the settlement bears the requisite judicial sanction to classify a plaintiff as a prevailing party. *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003). Here, Plaintiff has clearly prevailed by securing a settlement for the full value of damages sought, and the parties' mutual stipulation to Plaintiff's prevailing party status reflects their acknowledgment of this outcome. Under these circumstances, the Court properly exercises its discretion under § 448.08 to award Plaintiff reasonable attorneys' fees and costs.

**B.     <u>Lodestar Framework and Hours Reasonably Expended</u>**

In determining the attorneys' fees to be awarded to Ms. Martin, the Eleventh Circuit Court of Appeals provided the guideposts for the Court to consider in *Loranger v. Stierheim*, as follows:

> The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the

results obtained. *Id.* at 435-37; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

10 F.3d 776, 781 (11th Cir. 1994). These elements will be addressed in the appropriate order below.

1.  Plaintiff's counsel expended a reasonable number of hours.

Counsel for a prevailing plaintiff should be paid consistently with attorneys compensated by a fee-paying client for all the time reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours" such as "... work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 735, 738 (11th Cir. 1998). Counsel's sworn testimony is evidence to be given "considerable weight" of the time required, and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.*

During this case, undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with Ms. Martin, opposing counsel, or the Court, even though these interactions involved compensable time that could have been billed. Counsel was careful not to unnecessarily duplicate efforts in achieving the results obtained or to engage in duplicate billing when two or more timekeepers worked on the same tasks.

This was a contingency-fee case with no guarantee of payment, which is a factor properly considered in evaluating the reasonableness of the fees to be awarded. Detailed, contemporaneous time records were maintained in the ordinary course of business and are attached hereto as Exhibit "A."

2.   <u>Plaintiff's counsel's hourly rates for this type of litigation are reasonable.</u>

The initial estimate of a reasonable hourly attorney's fee is calculated by multiplying the number of hours expended on the litigation by a reasonable hourly rate. *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988) "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988)) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). Fee awards are to be calculated based on the prevailing market rates in the local community—here, the Southern District of Florida—for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced through direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737 n.1. The Court should also analyze the organization's skill, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

Plaintiff entered into a contingency arrangement with her counsel for this case, meaning that she would not owe any attorney's fees or costs unless recovered through this action and paid by or for the Defendants. This contingent arrangement provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered by or costs advanced by the firm, as payment was dependent

upon either entering into a favorable settlement with the Defendants or recovering money by collecting on a judgment against the Defendants.

Additionally, the requested hourly rates reflect the impact of inflation on the prevailing market rates in this District. Courts have recognized that historical rate approvals must be adjusted upward to account for inflation in order to reflect current market rates. The Consumer Price Index and Florida cost-of-living data support adjusting rates previously approved to current 2026 rates to ensure fair compensation at today's market value. Further justification for the hourly rate for each timekeeper is explained in more detail below.

## C.      **Proportionality of Attorney's Fees to Recovery Is Irrelevant Herein.**

In wage-and-hour cases such as the one *sub judice*, "it is well settled that 'given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Morais v. Rhino Holdings One, Inc.*, 2017 U.S. Dist. LEXIS 85904, at *5 (S.D. Fla. Jun. 1, 2017) (quoting *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 U.S. Dist. LEXIS 45771, at *5 (S.D. Fla. Mar. 10, 2005)). Congress envisioned that fees would often exceed the wages recovered when it enacted the FLSA, as a statutory mechanism akin to a private attorney general provision. *Silva v. Miller*, 547 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008). Consequently, when determining a prevailing FLSA plaintiff's award of attorneys' fees, the Court must use the lodestar approach without constraining that award in proportion to the wages recovered. *P&K Rest. Enter., LLC v. Jackson*, 758 Fed. Appx. 844, 850-51 (11th Cir. 2019) (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986)). While it is understandable that this Court would likely prefer to utilize its resources adjudicating more significant matters, this Court has jurisdiction over FLSA cases – including those seeking overtime wages and liquidated damages for hours of documented overtime not properly paid – is required ("shall") to award a reasonable fee under 29 U.S.C. §216(b).

In *P&K Rest. Enter., LLC v. Jackson*, the Eleventh Circuit Court of Appeals explicitly rejected the concept of awarding attorney's fees to a prevailing plaintiff in proportion to the wages recovered under the FLSA:

> Moreover, whatever intuitive appeal Lacura's **proportionality argument may have is undercut by *City of Riverside v. Rivera***, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), in which the Supreme Court rejected a proportionality argument for attorneys' fees awarded under 42 U.S.C. § 1988. *Rivera*'s reasoning is arguably even stronger in FLSA cases, where the FLSA's text renders attorneys' fees mandatory. *Compare* FLSA, 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)), *with* 42 U.S.C. § 1988(b) ("[T]he court, *in its discretion, may* allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." (emphasis added) ); *see also James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) ("**Fee awards … should not simply be proportionate to the results obtained by the Plaintiff**."); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (noting that **it is not uncommon for fee requests to exceed the judgment in FLSA cases**). [*Emphasis added.*]

758 Fed. Appx. 844, 851 (11th Cir. 2019); *see also Sanchez v. M&F, LLC*, 2020 U.S. Dist. LEXIS 144791, at *35-37 (M.D. Fla. June 17, 2020) (quoting *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1273-74 (S.D. Ala. 2013); and citing *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007)); *see also Rodriguez v. Molina Healthcare Inc.*, 806 Fed. Appx. 797 (11th Cir. 2020); and *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603–04 (2d Cir. 2020); *Moore v. Appliance Direct, Inc.*, 2013 WL 12336220, at *6, Fn. 2 (M.D. Fla. Oct. 22, 2013); *Lawrence v. Berkley Group, Inc.*, 2013 WL 12239477, at *2 (S.D. Fla. Feb. 20, 2013) ("the fee award is not to be simply proportionate to the results, particularly in FLSA cases where attorneys' fees often exceed recovery but there is a public policy concern in ensuring representation for even small claims.") (*citing Brandt v. Magnificent Quality Florals Corp.*, 2011 WL 4625379 at *12 (S.D. Fla. 2011).

**D.** **Timekeeper Qualifications and Requested Rates**

The following rates are sought for those who spent time in this case:

| Timekeeper | 2025 Rate | 2026 Rate |
|---|---|---|
| Brian H. Pollock, Esq. (Managing Attorney) | $500/hour | $635/hour |
| Gaelle W. Colas, Esq. (Associate Attorney) | $425/hour | N/A |
| Patrick Brooks LaRou, Esq. (Senior Associate Attorney) | $375/hour | $450/hour |
| Katelyn Schickman, Esq. (Associate Attorney) | $275/hour | $275/hour |
| Steffany Sanguino (Florida Certified Paralegal) | $165/hour | $185/hour |

In determining the hourly rates for the above-referenced timekeepers, the Court should consider an upward adjustment to account for the increased cost of living, as reflected in the Consumer Price Index. *Wise v. O'Malley*, 2024 U.S. Dist. LEXIS 219989, at *3 (M.D. Fla. Dec. 5, 2024); *see also* https://data.bls.gov/cgi-bin/cpicalc.pl. Thus, to the extent the Court considers the hourly rates previously awarded to Plaintiff's counsel, it should consider the compounding effect of the increased cost of living since each order entered thereon. The 2026 rates set forth above for each timekeeper — other than Ms. Colas, who departed FairLaw Firm in 2025 — were most recently approved by this Court on May 1, 2026, in *Dominguez v. Delices De France Inc., et al.*, Case No. 1:26-cv-20916-MFE; and again on May 8, 2026 in *Laiza v. Rubin*, Case No. 1:26-cv-20126-CMA. Further and more specific justification for the rates requested and background about each timekeeper is set forth below.

1. Brian H. Pollock, Esq. (Plaintiff's lead counsel)

Mr. Pollock seeks an awarded rate of $500.00 per hour for work performed in 2025 and $635.00 per hour for work performed in 2026. These rates recognize the efficiencies an attorney with his experience creates and the tasks he can accomplish or delegate in litigating FLSA cases.

As stated above, the Court most recently approved Mr. Pollock's hourly rate of $635.00 on May 1 and May 8, 2026. *Dominguez v. Delices De France Inc., et al.*, Case No. 1:26-cv-20916-MFE; *Laiza v. Rubin*, Case No. 1:26-cv-20126-CMA. In this case, Plaintiff agreed in the contingent fee agreement that all time spent by Mr. Pollock would be valued at $650.00 per hour.

September 2025 marked Mr. Pollock's 26th year of practicing law. Mr. Pollock has been actively practicing law in Florida state and federal courts since 1999. Mr. Pollock has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999, and he has been admitted to practice in, and routinely practices in, the District Courts for the Middle and Northern Districts of Florida, as well as the Eleventh Circuit Court of Appeals. He has appeared in over 500 cases in the federal courts of Florida, including in individual and class/collective actions.

Mr. Pollock was appointed as lead counsel to represent collective actions in *Peña v. Handy Wash, Inc.*, S.D. Fla. Case No. 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. Case No. 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No. 15-CV-20542-KING, in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No. 17-CV-81169-REINHART, and in *Collado v. 450 North River Drive, LLC*, S.D. Fla. Case No. 1-22-CV-20374-WILLIAMS. Mr. Pollock was also appointed as class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in *Rojas Molina v. Yankee Development Corp. d/b/a A Fish Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No. 16-010745 CA 01 (09), and for over 60 employees seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.*, Eleventh Circuit Court for Miami-Dade Case No. 17-007921 CA 01 (32).

Mr. Pollock was admitted to the State Bar of Michigan and to the District Court for the Eastern District of Michigan in February 2026. Mr. Pollock has also been admitted to practice,

and has appeared, in the United States Supreme Court. He has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in a Georgia state court. From October 2005 to October 31, 2011, Mr. Pollock served on the Florida Bar Unlicensed Practice of Law Committee 11A and was its Chairperson from May 2011 to October 31, 2011. Mr. Pollock served as President of the Miami-Dade County Bar Association Labor & Employment Committee from 2022 to 2023.

2.      Gaelle W. Colas, Esq.

Ms. Colas seeks an awarded rate of $425.00 per hour for work performed in 2025. Ms. Colas is an attorney licensed to practice law in the State of Florida and has been a member in good standing of The Florida Bar since March 26, 2018. Her practice has focused on labor and employment law, including wage-and-hour matters and related worker-protection issues. She is a member of the Labor and Employment Law Section of The Florida Bar.

Ms. Colas earned her Juris Doctor from the University of Notre Dame Law School in 2017. While in law school, she was recognized for academic excellence, including receiving a Faculty Award for Excellence in Bankruptcy and being named to the Dean's Honor Roll. She also earned her undergraduate degree from Duke University.

Following law school, Ms. Colas gained experience during her tenure with Florida Rural Legal Services and FairLaw Firm, representing workers in employment-related matters, including wage-and-hour disputes, employment discrimination, and matters involving vulnerable and underserved worker populations. Her practice has included work on cases involving farmworker protections and other labor-related issues.

Through her practice, Ms. Colas has developed experience litigating wage-and-hour disputes in federal court and assisting in the prosecution of FLSA claims. Based on her experience,

skill, and the prevailing market rates in this District for attorneys with comparable experience, a reasonable hourly rate for Ms. Colas is $425.00 per hour. Ms. Colas performed limited work on this case (0.7 hours).

        3.      <u>Patrick Brooks LaRou, Esq.</u>

Mr. LaRou seeks an awarded rate of $375.00 per hour for work performed in 2025 and $450.00 per hour for work performed in 2026. The Court most recently approved Mr. LaRou's hourly rate of $450.00 on May 1 and May 8, 2026. *Dominguez v. Delices De France Inc., et al.*, Case No. 1:26-cv-20916-MFE; *Laiza v. Rubin*, Case No. 1:26-cv-20126-CMA.

Mr. LaRou is a senior associate attorney at FairLaw Firm who focuses his practice on labor and employment litigation, with a particular emphasis on unpaid wage and overtime matters. He regularly litigates cases in the United States District Courts for the Southern and Middle Districts of Florida, as well as in Florida state courts. To date, Mr. LaRou has served as counsel in more than 160 labor and employment cases before the Southern and Middle District Courts.

Mr. LaRou has been a member of the Florida Bar as well as the Southern and Middle Districts of Florida since 2022, where he has maintained an active federal litigation practice. His experience primarily involves representing employees in wage-and-hour and employment discrimination disputes, while occasionally also representing and advising employers in such matters. In 2025, Mr. LaRou served as Managing Partner of the Florida Wage and Hour Division for another national labor and employment firm — Derek Smith Law Group, PLLC — further developing his experience supervising wage-and-hour litigation.

Mr. LaRou has trial experience in this District. Notably, in *Sierra v. Rhino Containers*, No. 1:22-cv-21732-Scola/Goodman (S.D. Fla.), he served as first chair trial counsel and obtained a favorable verdict on behalf of the plaintiff in an FLSA action. More recently, he served as second

chair trial counsel alongside Mr. Pollock in *Cardenas v. Performance Auto Wholesalers LLC*, No. 1:24-cv-23654-Ruiz/Louis (S.D. Fla.), an FLSA jury trial.

Mr. LaRou earned his Juris Doctor from St. Thomas University College of Law in May 2022, where he attained a merit-based scholarship and graduated *cum laude* with a concentration in Intercultural Human Rights. While in law school, he served as a staff editor for the Intercultural Human Rights Law Review. He was also recognized for his commitment to public service, receiving a *pro bono* commendation after completing more than 200 hours of service as a legislative assistant to the Chairman of the Miami-Dade Board of County Commissioners. Consistent with Plaintiff's argument above regarding upward adjustment of hourly rates based on increases in the cost of living, the Court should account for the passage of time and inflation since prior rate approvals.

4.    Katelyn Schickman, Esq.

Katelyn Schickman, Esq., is a bilingual associate attorney (English and Spanish) at FairLaw Firm, having joined in May 2025. Ms. Schickman graduated from Florida International University in 2021 and earned her Juris Doctor, with a Certificate in Business Law, from St. Thomas University College of Law in December 2024. At St. Thomas University College of Law, she was recognized for her dedication to public service with a *pro bono* commendation for her volunteer work with the Florida Legal Immigration Coalition and for coaching youth sports with the Suniland Sundevils. Ms. Schickman was an active member of the St. Thomas University College of Law Trial Team while managing several internships. She interned with The Human Trafficking Front, providing advocacy and legal support for survivors, and with the U.S. All-Star Federation, gaining experience with personnel, employment, and compliance issues involving athletes and coaches in competitive sports. Courts in the Southern District of Florida have found that a $275

hourly rate is consistent with the prevailing market rate for attorneys of similar experience. *See Fernandez Reyes v. Vera*, 1:25-cv-21678-Gayles (Jan. 26, 2026); *Madden v. Just Believe Recovery Ctr. LLC*, 391 F. Supp. 3d 1121 (S.D. Fla. 2019).

       5.      Steffany Sanguino

Ms. Sanguino seeks an awarded rate of $165.00 per hour for work performed in 2025 and $185.00 per hour for work performed in 2026. The Court most recently approved Ms. Sanguino's hourly rate of $185.00 on May 1 and May 8, 2026. *Dominguez v. Delices De France Inc., et al.*, Case No. 1:26-cv-20916-MFE; *Laiza v. Rubin*, Case No. 1:26-cv-20126-CMA.

Steffany Sanguino earned an Associate of Arts degree in Business from Miami-Dade College and a Bachelor of Applied Science degree in Supervision and Management from Miami-Dade College with a concentration in Human Resource Management. She also earned her Paralegal Certificate from Ashworth College. Ms. Sanguino is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Sanguino worked for FairLaw Firm from August 2022 through March 2026, focusing on wage and employment cases. These rates are consistent with rates approved for paralegals of comparable experience in this District.

**E.**    **Lodestar Calculation and Attorneys' Fees Requested**

       1.   Lodestar Adjustment

Plaintiff does not request the Court to make any upward or downward adjustments in the fees to be awarded.

       2.   Attorneys' Fees

By this motion and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for her counsel of $38,754.00, as follows:

| Timekeeper | Year | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Brian H. Pollock, Esq. | 2025 | $500.00 | 8.2 | $4,100.00 |
| | 2026 | $635.00 | 3.6 | $2,286.00 |
| Gaelle W. Colas, Esq. | 2025 | $425.00 | 0.7 | $297.50 |
| | 2026 | $0.00 | 0 | $0.00 |
| P. Brooks LaRou, Esq. | 2025 | $375.00 | 11.6 | $4,350.00 |
| | 2026 | $450.00 | 40.5 | $18,225.00 |
| Katelyn Schickman, Esq. | 2025 | $275.00 | 12.8 | $3,520.00 |
| | 2026 | $275.00 | 19 | $5,225.00 |
| Steffany Sanguino | 2025 | $165.00 | 4.1 | $676.50 |
| | 2026 | $185.00 | 0.4 | $74.00 |

**$38,754.00**

(Exhibit "A").[1]

Plaintiff further requests that this Court consider awarding the additional attorneys' fees that will continue to be incurred in litigating the amount of the attorneys' fees awarded to the extent additional litigation and/or briefing is required. *See, e.g., Thompson v. Pharmacy Corp. of Am., Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003) (discussing the propriety of awarding "fees for litigating fees"); *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); and *Brown Jordan Int'l, Inc. v. Carmicle,* 2017 WL 5632811 (S.D. Fla. 2017).

## F.    Costs of Litigation

The Plaintiff incurred **$1,904.47** in costs in prosecuting this action:

Filing Fee:   $405.00

Service of Process:  $457.20

---

[1] Exhibit "A" does not include any future time to be expended litigating this Motion, any Response filed by Defendants, or any Reply thereto.

Postage:  $32.27

Parking:  $10.00

Mediation: $1,000.00

(*See* Exhibit "B").

**G.     Entitlement to Recover the Cost of Mediation as a Non-Taxable Cost**

As stated above, Plaintiff seeks recovery of the $1,000.00 mediation fee she incurred in connection with the mediation conducted by Stanley Zamor, Esq., on March 16, 2026. Although mediation expenses are not enumerated among the taxable costs set forth in 28 U.S.C. § 1920, the FLSA's fee-shifting provision independently authorizes their recovery.

The Eleventh Circuit Court of Appeals has held that a "reasonable attorney's fee" under the FLSA encompasses "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case," and that "reasonable expenses such as mediation … may be recovered … if it is the prevailing practice in the legal community to bill fee-paying clients separately for those expenses." *Evans v. Books-A-Million*, 762 F.3d 1288, 1298-99 (11th Cir. 2014). The Court further made clear that "the definition of costs under § 1920 is not controlling" when a fee-shifting statute such as the FLSA applies. *Id.* at 1299.

The Eleventh Circuit recently reaffirmed this principle in affirming an award of mediation costs by this Court in an FLSA case, holding that:

> Here, the district court did not abuse its discretion in awarding the mediation fee. The magistrate judge found that courts in the Southern District of Florida had awarded prevailing parties the cost of mediation under the FLSA, and Regions makes no claim that it was not the prevailing practice in the legal community to bill fee-paying clients separately for mediation expenses. That the expenses were not taxable under § 1920 does not preclude their recovery under § 216(b). *See id.* at 1298. And Regions offers no support for its claim that Thompson mediated in bad faith.

*Thompson v. Regions Sec. Servs., Inc.*, 2025 U.S. App. LEXIS 30447, at \*27-28 (11th Cir. Nov. 21, 2025) (citing *Evans*, 762 F.3d at 1298).

Courts in this District routinely award mediation costs under the FLSA. In *Thompson v. Regions Sec. Servs., Inc.*, this Court awarded the plaintiff's mediation fee as a non-taxable cost, observing that the FLSA does not limit a prevailing plaintiff's collectible costs to taxable costs and that courts in this District had consistently done the same. 2024 U.S. Dist. LEXIS 186097, at \*29-30 (S.D. Fla. Oct. 11, 2024). Similarly, in *Badillo v. Sam Perks Co., LLC*, 2022 U.S. Dist. LEXIS 173963, at \*8 (S.D. Fla. Sept. 26, 2022), the court found that the cost of mediation was recoverable under § 216(b). Most recently, in *Petersen v. Ink 477, LLC*, 2026 U.S. Dist. LEXIS 28388, at \*42 (S.D. Fla. Feb. 10, 2026), the court recommended awarding the plaintiff's non-taxable mediation expenses pursuant to § 216(b), reaffirming that this is the established practice in this District.

Here, Plaintiff's counsel attended mediation on March 16, 2026 with mediator Stanley Zamor, Esq. of Salmon & Dulberg Dispute Resolution. Plaintiff was billed $1,000.00 for four hours of mediation services at a per-party rate of $250.00 per hour. That mediation resulted in the full settlement of Plaintiff's claims that forms the basis of this motion. The expense was necessarily and reasonably incurred, and it is the prevailing practice in this community to bill fee-paying clients separately for mediation fees. Accordingly, Plaintiff is entitled to recover the $1,000.00 mediation cost as part of her award under 29 U.S.C. § 216(b).

## H.     **Future Attorneys' Fees And Costs Incurred In Collection.**

Plaintiff requests that the Court entitle her to recover reasonable fees and costs associated with collecting on the underlying FLSA settlement and the fees and costs awarded in this Motion. The Settlement Agreement provides for payment of the settlement amount in five monthly installments through August 15, 2026, with default and acceleration provisions if Defendants fail

to timely make the scheduled payments. The Settlement Agreement expressly provides that the prevailing party in any action to enforce the Agreement is entitled to recover reasonable attorneys' fees and costs from the non-prevailing party. [ECF No. 60-1]. The Court has routinely granted such prospective fee awards to incentivize compliance with settlement agreements and avoid piecemeal litigation. *See e.g. Cruz v. Paver Designs of Miami Dade Inc.*, 2014 U.S. Dist. LEXIS 189936 (S.D. Fla. Sep. 22, 2014).

## III. CONCLUSION

Plaintiff respectfully requests the Court award $38,754.00 in attorneys' fees and $1,904.47 in costs, for a total award of $40,658.47, together with future reasonable fees and costs incurred in collecting the settlement and enforcing this award, and such other relief as the Court deems just and proper.

Respectfully submitted this 12th day of May 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

## <u>DECLARATION OF PATRICK BROOKS LAROU, ESQ.</u>

I, Patrick Brooks LaRou, Esq., counsel for Plaintiff Dominique Martin, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Verified Motion for Attorneys' Fees and Costs and that the facts stated herein are true and correct to the best of my knowledge, information, and belief.

Executed on this 12th day of May 2026, in Miami-Dade County, Florida.

s/ Patrick Brooks LaRou, Esq.
PATRICK BROOKS LAROU, ESQ.
Florida Bar No. 1039018
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
