**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:25-cv-22267-JB

DOMINIQUE MARTIN,

     Plaintiff,

v.

BIS-NIK II ENTERPRISES, INC. d/b/a
TIPSEE SPIRITS & WINE, and MARK CARRIE,

     Defendants.

_____/

### DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS OUT OF TIME

Defendants, BIS-NIK II ENTERPRISES, INC. d/b/a TIPSEE SPIRITS & WINE, and MARK CARRIE (collectively, "Defendants"), by and through undersigned counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for leave to file their Response in Opposition to Plaintiff's Verified Motion for Attorneys' Fees and Costs [ECF No. 62] out of time, and in support state:

1.     On May 12, 2026, Plaintiff filed a Verified Motion for Attorneys' Fees and Costs [ECF No. 62] (the "Fee Motion"), seeking $38,754.00 in attorneys' fees and $1,904.47 in costs. The deadline to respond was May 26, 2026.

2.     The Court has set the Fee Motion for hearing on June 10, 2026, at 11:00 a.m. [ECF No. 63].

1

3.      Defendants have recently retained undersigned counsel, who is being substituted as counsel of record in place of prior counsel. Undersigned counsel was retained on June 3, 2026 — after the May 26, 2026 response deadline had already passed.

4.      Defendants do not seek leave for any improper purpose or to delay these proceedings. Defendants seek to be heard on the reasonableness of the substantial fees and costs sought against them so that the Court has the benefit of an adversarial presentation in advance of, and at, the June 10, 2026 hearing.

5.      Under Rule 6(b)(1)(B), a court may, for good cause, extend the time to act after the deadline has expired "if the party failed to act because of excusable neglect." Excusable neglect is an equitable inquiry that considers the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

6.      Each factor favors granting leave: (a) Plaintiff suffers no prejudice, as the hearing is not until June 10, 2026, and Plaintiff will have a full opportunity to reply and to be heard; (b) the delay is short and will not disrupt the Court's schedule; (c) the delay results from Defendants' recent retention of new counsel following the lapse of the response deadline; and (d) Defendants and undersigned counsel have acted in good faith and with diligence upon retention.

7.      Defendants' proposed Response in Opposition to the Fee Motion is attached hereto as **Exhibit A** and is ready to be filed upon the Court's leave.

8.      Granting this Motion serves the interest of resolving the Fee Motion on its merits, with the benefit of full briefing, rather than by default.

Consumer Litigation • Credit Reporting • Debt Collection Defense • Wealth Protection

**WHEREFORE**, Defendants respectfully request that this Court enter an Order granting this Motion, deeming Defendants' Response in Opposition (Exhibit A) timely filed as of the date of the Court's Order (or permitting Defendants to file the same within twenty-four (24) hours of the Order), and granting such further relief as the Court deems just and proper.

Consumer Litigation • Credit Reporting • Debt Collection Defense • Wealth Protection

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel has made reasonable efforts to confer with counsel for Plaintiff regarding the relief requested herein, specifically by email to Plaintiff's counsel on June 4, 2026, but had not received a response as of the time of filing. Undersigned counsel will promptly supplement this certification upon hearing from Plaintiff's counsel.

Consumer Litigation • Credit Reporting • Debt Collection Defense • Wealth Protection

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 4, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will serve a copy upon all counsel of record.


Respectfully submitted,

**VINDEX PRIVATUS, PLLC**
By: /s/ David Cruz
David Cruz, Esq.
Florida Bar No. 1006812
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
Tel: (786) 626-8113
Email: david@vindexprivatus.com
*Counsel for Defendants*

Consumer Litigation • Credit Reporting • Debt Collection Defense • Wealth Protection

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22267-JB

DOMINIQUE MARTIN,
     Plaintiff,

v.

BIS-NIK II ENTERPRISES, INC. d/b/a
TIPSEE SPIRITS & WINE, and MARK CARRIE,
     Defendants.

_____/

# EXHIBIT A

Defendants' Response in Opposition to Plaintiff's

Verified Motion for Attorneys' Fees and Costs [ECF No. 62]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22267-JB

DOMINIQUE MARTIN,

     Plaintiff,

v.

BIS-NIK II ENTERPRISES, INC. d/b/a
TIPSEE SPIRITS & WINE, and MARK CARRIE,

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED MOTION
FOR ATTORNEYS' FEES AND COSTS [ECF NO. 62]**

Defendants, BIS-NIK II ENTERPRISES, INC. d/b/a TIPSEE SPIRITS & WINE, and

MARK CARRIE (collectively, "Defendants"), respectfully submit this Response in Opposition to

Plaintiff's Verified Motion for Attorneys' Fees and Costs [ECF No. 62] (the "Motion"), and state:

**I. INTRODUCTION**

This is a single-plaintiff Fair Labor Standards Act ("FLSA") case that settled for **$5,633.26**

— representing one hundred percent of the wages and liquidated damages Plaintiff claimed. For

prosecuting that modest, undisputed claim, Plaintiff's counsel now seeks **$38,754.00 in fees and**

**$1,904.47 in costs** — a fee request nearly **seven times** the entire amount Plaintiff recovered.

Defendants do not dispute that Plaintiff is a prevailing party entitled to a *reasonable* fee

under 29 U.S.C. § 216(b); the parties so stipulated. But "reasonable" is the operative word, and the

burden of establishing the reasonableness of both the hours expended and the rates charged rests

1

on the movant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The Motion does not carry that burden. The fee request is inflated by (1) hours billed for the movant's own abandoned, vacated, and mooted motion practice; (2) at least one time entry billed to an entirely unrelated case; (3) redundant staffing of a simple matter across four attorneys and a paralegal; (4) clerical work billed at professional rates; and (5) hourly rates — including a requested upward "inflation" adjustment — that exceed the prevailing market for a routine wage claim that was never seriously contested. The requested costs are likewise overstated, as the majority are not taxable under 28 U.S.C. § 1920.

## II. RELEVANT BACKGROUND

Plaintiff filed this action on May 16, 2025, asserting FLSA claims for unpaid overtime and "gap-time" wages. The matter was resolved at mediation on March 16, 2026, and the Court approved the FLSA settlement on May 5, 2026 [ECF No. 61]. The approved settlement paid Plaintiff a total of $5,633.26 — which, by Plaintiff's own description, represents "100% of her claimed damages," consisting of her claimed unpaid overtime and "gap-time" wages and an equal amount in FLSA liquidated damages. (*See* Motion at 2-3.) The parties stipulated that Plaintiff is the prevailing party entitled to reasonable fees and costs under § 216(b), with the amount to be determined by the Court.

## III. LEGAL STANDARD

The "starting point" for determining a reasonable fee is the lodestar — "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1299. The fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.

2

The applicant must exercise "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 437; *ACLU of Ga. v. Miller*, 168 F.3d 423, 428 (11th Cir. 1999).

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). The court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citation omitted). The lodestar is presumptively reasonable, and enhancements are reserved for "rare" and "exceptional" circumstances. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

Where the billing records reflect substantial unnecessary or excessive time, the court may reduce the hours by conducting a line-by-line analysis or by applying an across-the-board percentage reduction. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

## IV. ARGUMENT

### A. Entitlement is stipulated; the only issue is the reasonable amount.

Defendants do not contest entitlement. The sole question is whether the $38,754.00 in fees and $1,904.47 in costs sought is *reasonable*. It is not.

### B. The claimed hours are excessive and must be reduced.

**1. Time spent on the movant's own vacated, mooted, and abandoned motion practice is not compensable.** A reasonable client does not pay counsel for cleaning up counsel's own

3

procedural missteps. The docket and billing records reflect significant time devoted to motions that were vacated, stricken, or denied as moot: Plaintiff twice moved for clerk's defaults [ECF Nos. 7, 10], both of which were vacated; Plaintiff filed an Amended Complaint that was stricken [ECF No. 15]; and Plaintiff's Motion to Deem Service Perfected was denied as moot in light of Defendants' Answer, yet the billing records reflect multiple lengthy entries drafting that motion and its supporting declaration, including 5.00 hours on February 13, 2026 ($2,250.00) and 2.00 hours on February 14, 2026 ($900.00), in addition to entries on January 14-15, 2026. Time expended on these efforts conferred no benefit and reflects a lack of billing judgment. *Hensley*, 461 U.S. at 434; *Miller*, 168 F.3d at 428.

**2. Time billed to an entirely unrelated matter must be stricken.** The billing records include an entry dated April 14, 2026 — 0.80 hours, $360.00 — for a "[p]hone call with Luis Rodriguez Ceruto regarding updated settlement authority and documents needed to respond to StratAir's Second Requests for Production." StratAir is not a party to this action, and this case involves no such discovery. This entry plainly belongs to a different matter and must be excluded; its presence also undermines confidence in the reliability of the records, which the fee applicant bears the burden to document adequately. *See Norman*, 836 F.2d at 1303.

**3. The matter was overstaffed and the records reflect redundant effort.** This was an uncomplicated, single-plaintiff overtime claim that was never tried and was resolved at a single mediation. Yet Plaintiff staffed it with four attorneys (Brian H. Pollock, Gaelle W. Colas, Patrick Brooks LaRou, and Katelyn Schickman) plus a paralegal (Steffany Sanguino), generating intra-office hand-offs and duplicative drafting and revision of the same documents. The Eleventh Circuit has recognized that the use of multiple attorneys may produce "duplicative effort" subject to

4

reduction "absent some explanation [of] why a squad of attorneys was necessary." *Miller*, 168 F.3d at 432; *see also Norman*, 836 F.2d at 1301-02.

**4. Clerical and administrative tasks billed at professional rates are not compensable.** Purely clerical tasks are overhead and are not recoverable regardless of who performs them. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002). The records nonetheless bill, at paralegal rates, tasks such as "[p]repared certified envelopes for correspondence" (Feb. 18, 2026) and calling the client to "remind her about the upcoming mediation" and emailing a "Zoom link" (Mar. 12, 2026). Such entries should be disallowed.

**5. The records reflect excessive low-value communications and block billing.** The records are populated with numerous administrative 0.10-hour entries — including a series of communications chasing the status of a settlement-check delivery — and entries that aggregate multiple distinct tasks, impairing the Court's ability to assess reasonableness. These warrant further reduction. *See Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301.

**C. The claimed hourly rates exceed the prevailing market, and the requested "inflation" enhancement is improper.**

Plaintiff seeks rates of up to $635.00 per hour for Mr. Pollock (the Motion at one point references $650.00 per hour, an unexplained inconsistency), $450.00 for Mr. LaRou, $425.00 for Ms. Colas, $275.00 for Ms. Schickman, and up to $185.00 for the paralegal. These rates exceed the prevailing market for the routine, largely uncontested wage litigation actually performed in this matter. The reasonable rate must reflect the "skill . . . needed to perform the legal service properly," *Norman*, 836 F.2d at 1300 — not the maximum a senior practitioner might command in complex litigation. Plaintiff's further request to adjust historical rates upward for "inflation" via

the Consumer Price Index is unsupported and contrary to the lodestar framework, under which the lodestar is presumptively reasonable and upward adjustments are reserved for rare and exceptional cases. *Perdue*, 559 U.S. at 552. Drawing on its own knowledge and experience, *Norman*, 836 F.2d at 1303, the Court should set rates consistent with the prevailing market for comparable FLSA work in this District.

**D. The limited degree of success and modest recovery warrant a substantial reduction.**

"[T]he most critical factor" in determining a reasonable fee "is the degree of success obtained." *Hensley*, 461 U.S. at 436; *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 (11th Cir. 1999). While the Eleventh Circuit does not require strict proportionality between the fee and the recovery in fee-shifting cases, *see City of Riverside v. Rivera*, 477 U.S. 561 (1986), the amount involved and the results obtained remain central considerations in the reasonableness analysis. A $5,633.26 recovery on an uncomplicated wage claim cannot reasonably support a fee approaching $40,000. The gross disparity — magnified by the unnecessary motion practice and overstaffing described above — confirms that the lodestar must be reduced, whether line-by-line or by an across-the-board percentage. *Bivins*, 548 F.3d at 1350; *Loranger*, 10 F.3d at 783.

**E. The requested costs are largely non-taxable under 28 U.S.C. § 1920.**

Absent contrary agreement, recoverable "costs" under § 216(b) are limited to those enumerated in 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Of the $1,904.47 sought, the mediator's fee ($1,000.00), postage (approximately $32.27), and the $10.00 parking fee are not taxable under § 1920 and should be disallowed; the "non-service" charges ($184.40 combined) did not result in effected service and should be disallowed; and private process-server fees are recoverable only up to the United States Marshal's statutory

6

rate. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Properly limited to taxable items, the recoverable costs are a fraction of the amount requested — essentially the $405.00 filing fee plus service fees capped at the statutory rate.

**F. The Court should award, at most, a substantially reduced fee and costs.**

Applying the governing standards, the appropriate award is materially lower than requested. Defendants' itemized objections are summarized in the Objection Chart attached as **Exhibit 1**, and the supporting Declaration of David Cruz, Esq., is attached as **Exhibit 2**.

**V. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion as submitted and award reasonable attorneys' fees and costs in a substantially reduced amount consistent with the lodestar, the limited complexity of this matter, the degree of success obtained, and 28 U.S.C. § 1920, together with such further relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 4, 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will serve a copy upon all counsel of record.

Respectfully submitted,

**VINDEX PRIVATUS, PLLC**
By: /s/ David Cruz
David Cruz, Esq.
Florida Bar No. 1006812
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
Tel: (786) 626-8113
Email: david@vindexprivatus.com
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22267-JB

DOMINIQUE MARTIN,
      Plaintiff,
v.
BIS-NIK II ENTERPRISES, INC. d/b/a
TIPSEE SPIRITS & WINE, and MARK CARRIE,
      Defendants.
_____/

# EXHIBIT 1

Defendants' Itemized Objections to Plaintiff's

Billing Entries and Costs

## EXHIBIT 1 — DEFENDANTS' ITEMIZED OBJECTIONS TO PLAINTIFF'S BILLING ENTRIES AND COSTS

*Re: Plaintiff's Verified Motion for Attorneys' Fees and Costs [ECF No. 62]; Case No. 1:25-cv-22267-JB*

**A. FEE OBJECTIONS (Exhibit A to the Motion — Billing Entries)**

#

Date

Timekeeper

Description (abbrev.)

Hrs

$ Billed

Objection

Proposed

1

4/14/2026

LaRou

Call re "**StratAir's** Second Requests for Production"

0.80

$360.00

**Unrelated matter** — StratAir is not a party; no such discovery in this case. Improperly billed here.

**Strike $360.00**

2

2/13/2026

LaRou

Draft Motion to Deem Service Perfected + decl.

5.00

$2,250.00

Motion **denied as moot** (see 3/9/2026 entry) — no benefit conferred.

**Strike / heavily reduce**

3

2/14/2026

LaRou

Final revisions, same mooted motion + proposed order

2.00

$900.00

Same — mooted motion.

**Strike / heavily reduce**

4

1/14/2026

Schickman

Begin drafting Motion to Deem Service + research

1.30

$357.50

Same — mooted motion.

**Strike / reduce**

5

1/15/2026

Schickman

Continue Motion to Deem Service + memo of law

2.20

$605.00

Same — mooted motion.

**Strike / reduce**

6

1/15/2026

Schickman

Draft § 48.161 declaration of compliance (substituted service)

1.10

$302.50

Same effort stream — mooted motion.

**Strike / reduce**

7

2/18/2026

Sanguino (PL)

"Prepared certified envelopes for correspondence"

0.20

$37.00

**Clerical/overhead** — non-compensable (*Scelta*).

**Strike $37.00**

8

3/12/2026

Sanguino (PL)

Call client re mediation reminder; email Zoom link

0.20

$37.00

**Clerical/administrative** — non-compensable.

**Strike $37.00**

9

various

LaRou / Schickman

Series of 0.10-hr "Email with Others (Not Client)" to opposing counsel re settlement-check delivery status, scheduling

0.10 ea

$45.00 ea

**Excessive low-value administrative** communications; collection-of-settlement follow-ups.

**Reduce**

10

7/2025–9/2025

(pages 1-6)

Drafting of two Motions for Clerk's Default [ECF 7, 10]

—

**see note**

Both clerk's defaults were **VACATED**; work conferred no benefit (*Hensley*; *Miller*).

**Strike — amount TBD on pages 1-6**

11

9/2025

(pages 1-6)

Work on Amended Complaint that was **STRICKEN** [ECF 15]

—

**see note**

Stricken pleading — no benefit.

**Strike — amount TBD on pages 1-6**

**Rate objections (apply across all entries):** - Pollock $635.00/hr (2026) / $500.00 (2025) — Motion also references **$650.00** (unexplained inconsistency). Above prevailing market for routine FLSA work; reduce to market. - LaRou $450.00 / $375.00; Colas $425.00; Schickman $275.00; paralegal $165.00–$185.00 — reduce to prevailing market. -

**Requested CPI/"inflation" upward adjustment** — improper; lodestar is presumptively reasonable and enhancements are reserved for rare cases (*Perdue*, 559 U.S. at 552). **Disallow enhancement.**

**Overstaffing/duplication (global):** Four attorneys + paralegal on a single-plaintiff OT claim resolved at one mediation; reduce for duplicative drafting/revision and intra-office conferencing (*Miller*, 168 F.3d at 432).

⚠️ **COMPLETENESS NOTE (for internal review, not for filing):** Billing-record pages **1-6** of Exhibit A (covering approx. **May 2025 – early January 2026**) did not yield machine-readable text (embedded subset font without a recoverable text layer; OCR also failed). Entries #10–#11 above are sourced from the **docket** (vacated defaults ECF 7/10; stricken amended complaint ECF 15), not the billing PDF. **Before filing, David should visually review pages 1-6 of Exhibit A** to capture exact amounts for the vacated-default/stricken-pleading work and any additional clerical, duplicative, or unrelated entries. The objections above are therefore a **floor, not a ceiling.**

**B. COST OBJECTIONS (Exhibit B to the Motion — $1,904.47 sought)**

Recoverable costs under § 216(b) are generally limited to 28 U.S.C. § 1920 categories. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).

Item

| Item | Amount | Taxable under § 1920? | Position |
| --- | --- | --- | --- |
| Filing fee (5/16/2025) | $405.00 | Yes (§ 1920(1)) | **Allow** |
| Service on M. Carrie (6/18/2025) | $46.40 | Service — capped at Marshal's rate | Allow up to statutory cap (*EEOC v. W&O*) |
| Service on Bis-Nik (8/14/2025) | $226.40 | Service — capped at Marshal's rate | **Reduce to statutory cap** |
| Non-service on Bis-Nik (12/19/2025) | $92.20 | No service effected | **Disallow** |
| Non-service on M. Carrie (12/19/2025) | $92.20 | No service effected | **Disallow** |
| Postage (multiple entries) | ≈ $32.27 | | |

**No**

**Disallow**

Parking fee (2/11/2026)

$10.00

**No**

**Disallow**

**Mediator's fee (3/17/2026)**

**$1,000.00**

**No** (mediation fees not taxable)

**Disallow**

**Net recoverable costs:** approximately the **$405.00 filing fee** plus service fees capped at the statutory Marshal's rate — a small fraction of the $1,904.47 requested.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22267-JB

DOMINIQUE MARTIN,
     Plaintiff,

v.

BIS-NIK II ENTERPRISES, INC. d/b/a
TIPSEE SPIRITS & WINE, and MARK CARRIE,
     Defendants.

_____/

# EXHIBIT 2

Declaration of David Cruz, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-22267-JB

DOMINIQUE MARTIN,

    Plaintiff,

v.

BIS-NIK II ENTERPRISES, INC. d/b/a
TIPSEE SPIRITS & WINE, and MARK CARRIE,

    Defendants.

_____/

## DECLARATION OF DAVID CRUZ, ESQ.

I, David Cruz, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.    I am an attorney licensed to practice law in the State of Florida (Florida Bar No. 1006812) and am admitted to practice before the United States District Court for the Southern District of Florida. I am counsel for Defendants in this action and have personal knowledge of the matters stated herein.

2.    I have practiced law in Florida since 2018, with experience in consumer-protection and civil litigation, including the assessment of reasonable attorneys' fees and hourly rates in this District.

3.    I have reviewed Plaintiff's Verified Motion for Attorneys' Fees and Costs [ECF No. 62], its supporting billing entries (Exhibit A) and expense report (Exhibit B), the docket in this action, and the approved settlement.

1

4.      This was a single-plaintiff FLSA action for unpaid overtime and gap-time wages. It involved no novel or complex legal questions, no contested dispositive ruling in Plaintiff's favor, and no trial. The matter resolved at a single mediation for $5,633.26, representing the wages and liquidated damages Plaintiff claimed.

5.      Based on my knowledge and experience with prevailing market rates in the Southern District of Florida for comparable wage-and-hour litigation, the hourly rates requested in the Motion — including rates of up to $635.00 (and, at one point in the Motion, $650.00) per hour, and a requested upward adjustment of historical rates for "inflation" — exceed the prevailing market rates reasonably warranted by the skill required to perform the work actually performed in this routine matter.

6.      My review of the billing records identified time that, in my professional opinion, reflects an absence of billing judgment, including: (a) a time entry dated April 14, 2026 concerning "StratAir's Second Requests for Production," a matter unrelated to this case; (b) substantial time devoted to a Motion to Deem Service Perfected that the Court denied as moot; (c) clerical and administrative tasks billed at professional rates; and (d) duplicative effort arising from the staffing of this simple matter across four attorneys and a paralegal. The docket further reflects two Motions for Clerk's Default that were vacated and an Amended Complaint that was stricken.

7.      In my professional opinion, a reasonable attorneys' fee for the work reasonably and necessarily performed in this matter, and reasonable taxable costs under 28 U.S.C. § 1920, are substantially less than the amounts requested in the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 4, 2026.

2

/s/ David Cruz
David Cruz, Esq.

3