UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-21515-LENARD/ELFENBEIN

SHANE BAYNE,

      Plaintiff,

vs.

CONCRETE USA INC,

      Defendant.

_____/

<u>PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS</u>

Plaintiff, Shane Bayne, through his undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, Local Rule 7.01, 29 U.S.C. §216, and other applicable Rules and laws, requests that the Court enter an Order determining that he is the prevailing party in this action and entitled to recover attorneys' fees, costs, and expenses of litigation from Defendant, Concrete USA Inc, based on the following good cause:

## I.      FACTUAL AND PROCEDURAL HISTORY

1.      Mr. Bayne sued his former employer, Concrete USA Inc, to recover the wages he earned but did not receive, including for failing to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq. [ECF No. 1]

2.      Defendant failed to respond to the Summons and Complaint served on them on March 11, 2026, [ECF No. 6], such that the Clerk entered a Default against them on April 6, 2026 [ECF No. 13].

---

Coral Gables, Florida │ Detroit, Michigan
FairLaw Firm

3. On May 13, 2026, the Court entered its Order Granting Plaintiff's Motion for Default Final Judgment [ECF Nos. 18].

4. The Court's Order on May 13, 2026, entered a judgment for $4,906.30 in favor of the Plaintiff and against the Defendant and reserved jurisdiction to award Plaintiff his attorney's fees, expenses, and costs in the Order entered on May 13, 2026. Id.

5. Through this Motion, Plaintiff seeks recovery of $17,484.96 for his attorney's fees ($16,875.75) and taxable costs ($609.21) reasonably incurred in this matter.

6. The undersigned's time and expense records for this case reflect the time and costs reasonably expended in the prosecution of this case and are attached as Exhibit "A."

7. The time entries identified in Exhibit "A" were contemporaneously made and kept, and they are true and accurate copies of records digitally made and kept in the ordinary course of business.

8. Likewise, the costs reflected in Exhibit "A" were kept in the ordinary course of the undersigned's practice.

WHEREFORE Plaintiff, Shane Bayne, requests the Court to enter a judgment awarding him $17,484.96 in attorney's fees and costs from Defendant, Concrete USA Inc, pursuant to Fed. R. Civ. P. 55, 69, and 29 U.S.C. §216(b).

II.     MEMORANDUM OF LAW

"A plaintiff is a prevailing party entitled to attorneys' fees when he receives a judgment on the merits or a consent decree." Laney v. BBB Logistics, Inc., 844 F. App'x 203, 207 (11th Cir. 2021) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532

U.S. 598, 604, 121S. Ct. 1835, 149 L. Ed. 2d 885 (2001); and Hanrahan v. Hampton, 466 U.S. 754, 756-57, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980)). There is no doubt that Mr. Bayne is the "prevailing party" and entitled to recover his attorney's fees from Defendants in this case, considering that the court granted his Motion for Default Final Judgment [ECF No. 17] and entered its Order awarding him $4,906.30 for the overtime pay ($2,453.15), and liquidated damages ($2,453.15) due to him under the FLSA. [ECF No. 18]. As the prevailing party, Plaintiff seeks to recover his attorney's fees and costs from the Defendant, pursuant to 29 U.S.C. §216(b), and the attorney's fees and costs reasonably incurred in collecting on the underlying judgment and the fees and costs to be awarded by the Court.

A.      Reasonable Attorney's Fees And Costs To Be Awarded.

In determining the attorneys' fees to be awarded to Mr. Bayne, the Eleventh Circuit Court of Appeals provided the guideposts for the Court to consider in Loranger v. Stierheim, as follows:

> The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhard, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. Id. at 435-37; Norman v. Housing Auth., 836 F.2d 1292. 1302 (11th Cir. 1988).

10 F.3d 776, 781 (11th Cir. 1994). These elements will be addressed in the appropriate order below:

1.      Plaintiff's counsel expended a reasonable number of hours.

Counsel for a prevailing plaintiff should be paid consistently with attorneys compensated by a fee-paying client for all the time reasonably expended on a matter. Blanchard v. Bergeron, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours" such as "... work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." Perkins v. Mobile Housing Auth., 487

F.2d 748 )11th Cir. 1998). Counsel's sworn testimony is evidence to be given "considerable weight" of the time required, and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. Id. During this case, undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with Mr. Bayne, inter-office communications, or the Court, even though these interactions involved compensable time that could have been billed. Counsel was careful not to unnecessarily duplicate efforts in achieving the results obtained or to engage in duplicate billing when two or more timekeepers coordinated on events in this case.

2. <u>Plaintiff's counsel's hourly rates for this type of litigation are reasonable.</u>

The initial estimate of a reasonable hourly attorney's fee is calculated by multiplying the number of hours expended on the litigation by a reasonable hourly rate. "A reasonable hourly fee is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1299) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). Fee awards are to be calculated based on the prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. Blum, 465 U.S. at 894. Evidence of prevailing rates for comparable services can be adduced through direct evidence of charges by lawyers under similar circumstances or opinion evidence. Duckworth v. Whisenant, 97 F. 3d 1393 *11th Cir. 1996); Norman, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. Perkins, 847 F.2d at 737 n.1. The Court should also analyze the organization's skill, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in

determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. Blum, 465 U.S. at 888.

Plaintiff entered into a contingency arrangement with his counsel for this case, meaning that he would not owe any attorney's fees or costs unless recovered through this action and paid by or for the Defendant. This contingent arrangement provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered by or costs advanced by the firm, as dependent upon either entering into a favorable settlement with the Defendant or recovering money by collecting on a judgment against the Defendant. The prospect of recovering a judgment is not great when it results from a default situation, such as the situation sub judice. Further justification for the hourly rates for each timekeeper is explained in more detail in the following paragraphs.

The following rates are sought for those who spent time in this case:

a.  Brian H. Pollock, Esq. (Managing Attorney)       $635/hour
b.  Patrick Brooks LaRou, Esq. (Associate Attorney)       $450/hour
c.  Katelyn Schickman, Esq. (Associate Attorney)       $275/hour
d.  Steffany Sanguino (Florida certified paralegal)       $185/hour
e.  Juan Aragon (Paralegal)       $115/hour

Earlier this year, Judge Gayles awarded attorney's fees upon default judgments entered in two FLSA cases and determined that "the hourly rates requested for Plaintiff's counsel and staff ($550 for Brian Pollock, $338.64 for P. Brooks LaRou, $275 for Katelyn Schickman, and $165 for Steffany Sanguino) to be reasonable and consistent with prevailing market rates in this District." Fernandez Reyes v. Vera, 1:25-CV-21678-GAYLES (Jan. 26, 2026); accord Vasquez Lopez v. Vera, 1:25-V-21679-GAYLES (Jan. 26, 2026). The rates sought herein are consistent with the rates sought and awarded in Fernandez Reyes and Vasquez Lopez.

In determining the hourly rates for the above-referenced timekeepers, the Court should consider the impact of inflation and the increased cost of living in South Florida on the reasonable rates for counsel practicing in this District. Since 2023, South Florida has experienced significant inflation. The Consumer Price Index Inflation Calculator (http://data.bls.gov/cgi-bin/cpicalc.pl) indicates that $450 in September 2023 is worth $473.78 as of December 2025. Florida experienced a statewide cost-of-living increase of 4.1% in 2024, another 2.9% rise in 2025, followed by a current increase of 2.6% in 2026, without adjusting for the cost-of-living applicable to South Florida. (See https://floridarevenue.com/property/Documents/CostofLivingAdjust.pdf). When awarding the additional fees and costs, the Court should consider the increased costs affecting all Floridians (and South Floridians in particular) as justifying a commensurate increase in the hourly rate(s) to be awarded to Plaintiff's counsel for the time spent on this case. Wise v. O'Malley, 2024 U.S. Dist. LEXIS 219989, at *3 (M.D. Fla. Dec. 5, 2024) ("an increase in inflation does justify a proportionate increase in attorneys' fees").

Further and more specific justification for the rates requested and background about the timekeepers is as set forth below:

a.     Plaintiff's Lead Counsel – Brian H. Pollock, Esq.

Mr. Pollock seeks $635/hour for the time he spent performing work on this case (in 2025 and 2026). Mr. Pollock spent comparatively little time on this case because of the efficiency an attorney with his experience brings and the tasks he can delegate to others in litigating this FLSA case.

Mr. Pollock has been practicing law for over 25 years. He was admitted to the Florida Bar in 1999. He is also admitted to practice before and has actually practiced before the District Courts for the Southern District of Florida, Middle District of Florida, Northern District of Florida, the Eleventh Circuit Court of Appeals, and the United States Supreme Court and he has been admitted pro hac vice to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and in the state of Georgia. He is also currently licensed to practice law in Michigan and also handles matters in arbitration, including with the American Arbitration Association and other arbitration managers.

From October 2005 to October 31, 2011, he served on the Florida Bar Unlicensed Practice of Law Committee 11A and was its Chairperson from May 2011 to October 31, 2011. Mr. Pollock most recently served as president of the Miami-Dade County Bar Association Labor & Employment Committee from 2022 to 2023.

Mr. Pollock has appeared as counsel of record in over 500 cases in Florida federal courts, including in individual and class/collective actions. Mr. Pollock was appointed as lead counsel to represent collective actions in Peña vs. Handy Wash, Inc., S.D. Fla. Case No.: 14-20352-ATALONGA, in Caamano v. 7 Call Center Inc., S.D. Fla. Case No.: 16-CV-29=0932-GAYLES, in Benjamin v. VHU Express, Inc., S.D. Fla. Case No.: 15-CV-20542-KING, and in Freese v. Treecycle Land Clearing Inc., S.D. Fla. Case No.: 17-CV-81169-REINHART, and Collado vs. 450 North River Drive, LLC, S.D. Fla. Case No.: 1-22-CV-20374-WILLIAMS. Mr. Pollock was also appointed as a class counsel in several class actions, including a class of servers seeking unpaid minimum wages under the Florida Minimum Wage Act in Rojas Molina vs. Yankee Development

Corp. d/b/a A Fished Called Avalon, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09), and for over 60 employees seeking underpaid wages in Azor v. Direct Airlines Services, Inc., Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32). He has tried multiple cases to verdict in this District and in this Court.

In addition to representing claimants in individual, collective, and multi-party wage lawsuits, Mr. Pollock and his firm regularly represent individuals, businesses, employers, and defendants in Florida state and federal courts, arbitration proceedings, and administrative investigations, as applicable, in wage-and-hour, employment, and other civil matters. FairLaw Firm's clients paid at least $500.00 per hour for the time Mr. Pollock spent on non-contingent matters (until November 2025),[1] either as a flat fee or secured by a retainer.

This case, in contrast, provided <u>no guarantee</u> of or security for payment for the services rendered to Plaintiff. Under the contingent fee agreement with Plaintiff, she was not required to pay and has not paid anything for the attorney's fees or costs expended to date. In addition, he agreed in the contingent fee agreement that all time spent by Mr. Pollock and the other attorneys in his firm would be valued at $650/hour.

      b.      Plaintiff's Associate Attorney – Patrick Brooks LaRou, Esq.

Patrick Brooks LaRou works as an associate attorney at FairLaw Firm under the direction of Mr. Pollock. Mr. LaRou graduated from Virginia Commonwealth University in 2017. Then he obtained his Juris Doctorate from St. Thomas University, Benjamin L. Crump School of Law in

---

[1]     Mr. Pollock's rate for existing clients increased to $635 per hour, effective December 1, 2025, with new hourly and/or non-contingency clients paying more than this hourly rate.

May 2022, cum laude, with a concentration in Intercultural Human Rights. He served as staff editor for St. Thomas University Benjamin L. Crump School of Law's Intercultural Human Rights Law Review. While at St. Thomas, Mr. LaRou was recognized for his dedication to public service, receiving a pro bono commendation for his volunteer work as a legislative assistant to the Miami-Dade Board of County Commissioners, during which he devoted over 200 pro bono hours to serving the county.

September 2025 marked Mr. LaRou's 3rd anniversary as an attorney. Besides being licensed to practice law in Florida, Mr. LaRou has been admitted and routinely practices in the District Courts for the Southern and Middle Districts of Florida. Mr. LaRou has mainly practiced labor and employment law as an attorney, most often representing employees in employment disputes, while occasionally representing employers in employment disputes. Mr. LaRou has significant experience representing individuals to recover unpaid wages in the Florida state and federal courts. Mr. LaRou is an effective and efficient attorney with trial experience. Considering the foregoing, the appropriate rate for Mr. LaRou's experience is $450.00 per hour. (See Maracallo vs. Cusano Air Conditioning & Heating, Inc., S.D. Fla. Case No.: 24-CV-20546-GOODMAN at ECF No. 37.)

c.      Plaintiff's Associate Attorney – Katelyn Schickman, Esq.

Katelyn Schickman, Esq., is a bilingual associate attorney (English and Spanish) at FairLaw Firm, having joined in May 2025. Ms. Schickman graduated from Florida International University in 2021 and earned her Juris Doctor, with a Certificate in Business Law, from St. Thomas University College of Law in December 2024. At St. Thomas University School of Law, she was recognized for her dedication to public service with a pro bono commendation for her volunteer work with

the Florida Legal Immigration Coalition and for coaching youth sports with the Suniland Sundevils. Ms. Schickman was an active member of the St. Thomas University College of Law Trial Team while managing several internships. She interned with The Human Trafficking Front, providing advocacy and legal support for survivors, and with the U.S. All-Star Federation, gaining experience with personnel, employment, and compliance issues involving athletes and coaches in competitive sports. Courts in the Southern District of Florida have found that a $275 hourly rate is consistent with the prevailing market rate for attorneys of similar experience. Madden v. Just Believe Recovery Ctr. LLC, 391 F. Supp. 3d 1121 (S.D. Fla. 2019).

> d. Plaintiff's Paralegal – Steffany Sanguino

Steffany Sanguino earned an Associate in Arts degree in Business from Miami-Dade College and a Bachelor of Applied Science degree in Supervision and Management from Miami-Dade College with a concentration in Human Resource Management. She also earned her Paralegal Certificate from Ashworth College. Ms. Sanguino is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Sanguino has been with FairLaw Firm since August 2022, focusing on wage and employment cases. Since August 2022. Her hourly rate charged and paid by clients has been $185.

> e. Plaintiff's Paralegal – Juan Aragon

Juan Aragon earned a Technical High School Diploma with a specialization in Electronics. Mr. Aragon is bilingual in English and Spanish and has worked in the legal field since January 2021. From January 2021 through October 2022, he worked at Philip Sellers, P.C., a consumer

debt law firm, where he assisted with consumer debt litigation matters. Mr. Aragon joined FairLaw Firm in November 2022 and currently works as a Paralegal with the Firm, focusing primarily on wage and employment litigation.

As a paralegal, Mr. Aragon performs substantive litigation support, including case management, client communications, discovery assistance, records collection and review, drafting litigation documents, preparation of discovery responses, trial preparation, and other paralegal tasks performed under attorney supervision. Mr. Aragon's hourly rate charged and paid by clients has been $115.

3.    Lodestar Adjustment

Plaintiff does not request the Court to make any upward or downward adjustments in the fees to be awarded.

4.    Attorney's Fees

By this motion and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for his counsel of $16,875.75 as follows:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| Brian H. Pollock, Esq. | $635 | 6.75 | $4,286.25 |
| P. Brooks LaRou, Esq. | $450 | 2.10 | $945 |
| Katelyn Schickman, Esq. | $275 | 34.2 | $9,405 |
| Steffany Sanguino | $165 | 11.5 | $1,897.50 |
| Steffany Sanguino | $185 | 1.6 | $296 |

| Juan Aragon | $115 | 0.4 | $46 |
|---|---|---|---|
| Total | | | $16,875.75 |

(Exhibit "A").[2]

Plaintiff further requests that this Court consider awarding the additional attorneys' fees that will continue to be incurred in litigating the amount of the attorney's fees awarded to the extent additional litigation and/or briefing is required. See, e.g., Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (discussing the propriety of awarding "fees for litigating fees"); Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543,550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); and Brown Jordan Int's, Inc. v. Carmicle, U.S. Dist. LEXIS 25879 (S.D. Fla. Mar. 1, 2016).

5. <u>Costs of Litigation</u>

The Plaintiff incurred <u>$609.21</u> in costs in prosecuting this action:

Filing Fee:              $405.00

Service of Process:      $56.20

Copies of Public Records:  $144.92

Postage:                 $3.09

(Exhibit "A").

---

[2] Exhibit "A" does not include any future time to be expended litigating this Motion. Any Response filed by Defendants, or any reply thereto.

B.      Future Attorney's Fees And Costs Incurred In Collection.

Plaintiff anticipates having to expend additional time, effort, and expense to collect on the underlying judgment, given that Defendant has not satisfied it or given any indication that it intends to do so. Plaintiff, therefore, requests that the Court entitle him to recover reasonable fees and costs associated with collecting on the underlying FLSA judgment and the fees and costs she seeks in this Motion, as the Court has done in the past. See e.g. Cruz v. Paver Designs of Miami Dade Inc., 2014 U.S. Dist. LEXIS 189936 (S.D. Fla. Sep. 22, 2014)

### III.      CONCLUSION

WHEREFORE, Plaintiff, Shane Bayne, requests the Court award $16,875.75 in attorneys' fees and $609.21 in costs, for a total award of $17,484.96.

### LOCAL RULE 7.3 CERTIFICATION

Defendants did not appear in this action; therefore, no conferral could be had.

### VERIFICATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

By:    s/Katelyn Schickman, Esq.
Katelyn Schickman, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served through filing in the U.S. District Court's CM/EDF System on this 4th day of June 2026, which will effect service on all who appear in this action, and by U.S. Mail on Defendants, Concrete USA Inc, 22405 SW 132 Ct, Miami, FL 33170 (the address where served with process in this action).

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

s/Katelyn Schickman, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Miami, FL 33146
Tel:     305.230.4884
Counsel for Plaintiff